610 So.2d 1356 (1992)
James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2435.
District Court of Appeal of Florida, First District.
December 30, 1992.
Rehearing Denied January 29, 1993.
*1357 Nancy Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
Urging the unconstitutionality of section 893.13(1)(i), Florida Statutes (Supp. 1990) on several grounds, appellant, James Brown, seeks review of his conviction and sentence for the sale of a controlled substance within 200 feet of a public housing project. Additionally, he argues that the trial court imposed an illegal sentence upon him. We reject appellant's argument that the subject statute is unconstitutional and, other than striking the requirement that appellant pay one dollar to the First Step program, we affirm appellant's conviction and sentence.[1]
The statute under which appellant was tried and convicted provides, in pertinent part:
Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 200 feet of the real property comprising a public housing facility, within 200 feet of the real property comprising a public or private college, university, or other postsecondary educational institution, or within 200 feet of any public park.
(Emphasis added). The statute increases the degree of the offense where the prohibited activity takes place within the specified areas. Thus, appellant's sale of cocaine is increased from a second to a first degree felony by virtue of his proximity to a public housing facility. See § 893.13(1)(i)1., Fla. Stat. (Supp. 1990).
*1358 Before turning to the constitutional issues appellant raises, we first address the state's argument that Brown waived these challenges when he failed to raise them in the trial court. However, the state's argument notwithstanding, it appears to us that the constitutional points raised concern fundamental error and may be presented for the first time on appeal. Appellate courts have inherent power to correct fundamental error in the absence of preservation by timely objection in the trial court. Broward County v. Greyhound Rent-a-Car, Inc., 435 So.2d 309 (Fla. 4th DCA 1983); Keyes Co. v. Sens, 382 So.2d 1273 (Fla. 3rd DCA 1980). Although it is not pellucidly clear which issues qualify as fundamental error, the general rule is that arguments relating to the constitutionality of the statute must be preserved by motion or objection at the trial court level unless the error independently qualifies as a fundamental error. A constitutional challenge to the facial validity of a criminal statute forming the basis of the charge against the defendant is the type of argument that could be presented for the first time on appeal. However, an error in determining the constitutionality of the statute as applied to a criminal case is not a fundamental error. Padovano, Florida Appellate Practice, § 5.8 (1988). Because appellant's attack is upon the facial validity of the statute, it can properly be raised for the first time on appeal.
Appellant first asserts that the phrase "public housing facility" as used in the statute is unconstitutionally vague. We disagree. The proper standard for testing vagueness under Florida law is whether the language gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The language of the statute must "provide a definite warning of what conduct" is required or prohibited, "measured by common understanding and practice." Warren v. State, 572 So.2d 1376, 1377 (Fla. 1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985)). Based upon dictionary definitions of the individual words, appellant suggests that the average person of common intelligence would interpret the phrase "public housing facility" as including any type of housing where the public is able to reside. In this manner, Brown ignores the fact that the phrase itself has a meaning more narrow than that gleaned from the definitions of its component words. Although the definition of "public housing facility" might not be included in a dictionary, a person of ordinary intelligence should know what was intended by the phrase.
Appellant also maintains that the challenged statute violates the equal protection clause because its distance classification is not rationally related to any legitimate objective. He claims that no ascertainable legislative intent is furthered by the adoption of a distance classification. Again, we disagree. In State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla. 1990), the court upheld a similar distance classification that increased the penalty for drug activity conducted within 1000 feet of a school. The court noted that the purpose of the statute  to reduce drug use by children  was reasonably served by the creation of a drug-free zone around schools that would be enforced by stiff penalties for drug pushers. It was not fatal to the statute that it could apply to drug activity conducted after school hours or in places within the zone not frequented by children, or between persons not involved in making drugs available to children. Similarly, the statute at issue protects children and other tenants of public housing projects from drug-related crime that is, by all accounts, rampant in such areas. See 42 U.S.C.A. § 11901 (West 1992). We find that the distance classification in the subject statute is a reasonable means of achieving this objective.
Next, appellant argues that the challenged statute violates due process protections because it does not require proof that the defendant had knowledge of his proximity to the prohibited area. He asserts that where no valid malum in se *1359 exception exists, the state must plead and prove his intent for purposes of satisfying the mens rea requirement. In Burch, the court rejected an identical attack upon the 1000 foot drug-free zone surrounding a school. The court reasoned that the statute did not require knowledge of the proximity, and that such a requirement would undercut the purpose of creating a drug-free zone. Burch, 545 So.2d at 283. For these same reasons, we find appellant's argument in this regard unavailing.
Lastly, appellant urges that the statute in question is an invalid exercise of the police power because the prohibition against selling drugs within 200 feet of a public housing facility has no conceivable purpose of benefit to the general public. We find no merit in this argument. Florida law provides that prohibitions rooted in the exercise of the police power must relate to public health, morals, safety, or welfare. Failing this, the prohibition will be deemed arbitrary and capricious. Conner v. Cone, 235 So.2d 492 (Fla. 1970). The Burch court found a rational connection between the police power and the Florida statute banning drug sales within 1000 feet of a school, and quoted with approval United States v. Agilar, 612 F. Supp. 889, 890 (S.D.N.Y. 1985): "Congress has a legitimate and powerful interest in protecting school children ... presumably on the assumption that a drug dealer who knew that an enhanced penalty would be imposed is less likely to distribute narcotics near a school." Burch, 545 So.2d at 284. We believe the statute at issue provides similar protection for children and adult tenants of public housing.
Accordingly, we affirm appellant's conviction and sentence except that we herewith strike the one dollar assessment appellant was ordered to pay to First Step of Bay County.
ERVIN and WOLF, JJ., concur.
NOTES
[1] The state concedes that an improper intermittent sentencing scenario is created when the sentence imposed in the instant case is combined with that imposed by the trial court in a related case which is also on appeal before this court. We note that appellant's convictions in the related case have been reversed, and the case has been remanded for a new trial. See Brown v. State, 608 So.2d 114 (Fla. 1st DCA 1992). Consequently, we see no need to address the intermittent sentencing problem raised by the state.