615 So.2d 784 (1993)
STATE of Florida, Appellant,
v.
Daniel McCARTHY, Appellee.
No. 92-00727.
District Court of Appeal of Florida, Second District.
March 10, 1993.
*785 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellee.
HALL, Judge.
The state appeals the order of the trial court declaring section 559.809(1), Florida Statutes (1989), unconstitutionally vague and overbroad and dismissing the count of the information charging McCarthy with violation of that statute. We affirm.
Section 559.809(1) states that "[b]usiness opportunity sellers shall not: (1) Misrepresent the prospects or chances for success of a proposed or existing business opportunity." Any person found to have engaged in such conduct is guilty of a third degree felony. § 559.815, Fla. Stat. (1991).
We agree with the trial judge that section 559.809(1) is unconstitutionally vague. "A vague statute is one that fails to give adequate notice of what conduct is prohibited and which, because of its imprecision, may also invite arbitrary and discriminatory enforcement." S.E. Fisheries v. Dept. of Nat. Resources, 453 So.2d 1351, 1353 (Fla. 1984); Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983) ("the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement").
As the trial judge noted, the prospects for success of business opportunities, especially proposed business opportunities, are by definition speculative. Consequently, section 559.809(1) invites arbitrary and discriminatory enforcement because it does not define what constitutes a misrepresentation of the prospects for success of a speculative activity. For example, is a representation about the prospects for success of a business opportunity only a misrepresentation if the opportunity is unsuccessful? What if a misrepresentation about the prospects for success of a particularly risky business opportunity was made but the opportunity ultimately proves to be successful?
We also agree with the trial judge's finding that section 559.809(1) is overbroad. Because the statute necessarily concerns oral or written communication, and because it does not sufficiently define what communication is prohibited, it could easily be applied to prohibit communication protected by the First Amendment. S.E. Fisheries, 453 So.2d at 1353.
Accordingly, we affirm the trial judge's order finding section 559.809(1), Florida Statutes (1989), unconstitutional and dismissing count I of the information filed against McCarthy.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.