615 So.2d 819 (1993)
Billy TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-406.
District Court of Appeal of Florida, First District.
March 16, 1993.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant challenges his conviction for selling cocaine within 200 feet of a public housing project. He argues: (1) that section 893.13(1)(i) is unconstitutional because it is vague, it violates his rights to due process and equal protection, and amounts to an invalid exercise of the police power; (2) that the trial court erred in failing to offer him the opportunity to withdraw his plea where the written plea, waiver and consent form indicated an incorrect guidelines sentence, and (3) that the trial court imposed an illegal probation order.
With respect to appellant's challenge to the constitutionality of section 893.13(1)(i), we affirm. See Brown v. State, 610 So.2d 1356 (1992). We strike those portions of the probation order requiring a $1.00 monthly payment to First Step and prohibiting appellant's presence in specified areas, which conditions were not orally pronounced. See Coupe v. State, 591 So.2d 304 (Fla. 1st DCA 1991); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). Appellant's challenge to the voluntary *820 and intelligent nature of his plea is not cognizable on direct appeal because he never raised this issue in the trial court by moving to withdraw his plea. Accordingly, we dismiss the appeal as to this issue without prejudice to his filing in the trial court either a motion to withdraw his plea or a motion to vacate his sentence under Florida Rule of Criminal Procedure 3.850.
AFFIRMED as modified.
WIGGINTON, MINER and WOLF, JJ., concur.