616 So.2d 1198 (1993)
STATE of Florida, Appellant,
v.
Melburn Ben THOMAS, Gary Leonard Pauli, Tommy Lee Troxell, James Dean Knight, Gordon Levi Flood, Andrew Scott Castle, Donald E. Harrison, Joyce Calvary Haire, Daryl Leshane Cuyler, Joe Eddie Baker, Arnold D. Dennis, Derrick Bowles, and Charles William Porter, Appellees.
Nos. 91-03496, 91-03529, 91-03530, 91-03653, 91-03657, 91-03665, 91-03673, 91-03678, 91-03747, 91-03748, 91-03982 and 91-04185.
District Court of Appeal of Florida, Second District.
April 21, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor and Ron Napolitano, Asst. Attys. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellees.
CAMPBELL, Acting Chief Judge.
In these consolidated appeals, the state seeks review of orders of the judges of the Criminal Division of the Circuit Court of the Tenth Judicial Circuit (en banc) and of the Circuit Court of the Thirteenth Judicial Circuit declaring unconstitutionally vague that portion of section 893.13(1)(i), Florida Statutes (Supp. 1990) which enhances the penalty for the unlawful sale, purchase, manufacture, delivery or possession of controlled substances within two hundred feet of the real property comprising a public housing facility. Those orders thereupon dismissed the pending charges against each of the appellees which alleged a violation of the subject statutory provision. We agree that the statutory phrase "public housing facility" is unconstitutionally vague because it is so imprecise as to invite arbitrary or discriminatory enforcement. We, therefore, affirm the orders of the trial judges. Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); Southeastern Fisheries Ass'n, Inc. v. Dep't of Nat'l Resources, 453 So.2d 1351 (Fla. 1984); State v. McCarthy, 615 So.2d 784 (Fla. 2d DCA 1993).
In affirming the trial judges in regard to the unconstitutional vagueness of the term "public housing facility" in section 893.13(1)(i), we recognize that we are in conflict *1199 with Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1992), wherein our colleagues came to a different conclusion. We find Brown, however, to be neither helpful nor persuasive as the discussion therein regarding the vagueness of the statute is limited to one paragraph which simply states and concludes as follows:
Appellant first asserts that the phrase "public housing facility" as used in the statute is unconstitutionally vague. We disagree. The proper standard for testing vagueness under Florida law is whether the language gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The language of the statute must "provide a definite warning of what conduct" is required or prohibited, "measured by common understanding and practice." Warren v. State, 572 So.2d 1376, 1377 (Fla. 1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985)). Based upon dictionary definitions of the individual words, appellant suggests that the average person of common intelligence would interpret the phrase "public housing facility" as including any type of housing where the public is able to reside. In this manner, Brown [sic] ignores the fact that the phrase itself has a meaning more narrow than that gleaned from the definitions of its component words. Although the definition of "public housing facility" might not be included in a dictionary, a person of ordinary intelligence should know what was intended by the phrase.
While the Brown court concludes that "a person of ordinary intelligence should know what was intended by the phrase public housing facility, we have not been able to decipher the intended meaning of the phrase with any degree of precision. The phrase is not defined in any dictionary, case law or sufficiently related statute that we can discover. While each of the three words of the phrase can be independently and easily defined, when used together in the statute, they present a veritable quagmire for any attempt at uniform enforcement.
We used several approaches as we analyzed the alleged vagueness of this statute. We first considered whether we could articulate a precise jury instruction that would adequately advise a jury how to apply the statute in any particular set of circumstances. We were unable to do so. We also considered whether we could advise law enforcement officers in the field as to a precise standard to apply in enforcing the statute. We were unable to do so. We then considered at great length the myriad circumstances under which the statutory prohibition might be applicable. Although we could provide a long list of such circumstances, we set forth here only a few of the possibilities that raised sufficient doubt in our minds to require us to conclude the statute is unconstitutionally vague.
In regard to the "public" aspect of the "public housing facility" provision, we have no way of definitively ascertaining whether the legislature intended the phrase to apply to publicly-owned housing to the exclusion of privately-owned housing; to housing available for occupancy by the "public" in general or for low income occupants only; to housing that is government financed or built; to housing that is privately owned but government financed or built; or to housing that is privately-owned but leased to a government agency for availability to public welfare recipients. We simply have no idea as to the limitations that might be or should be applied to the "public" aspect of a "public housing facility."
The same problem exists in trying to correctly determine the parameters of the term "housing." Does that term apply to rental units only? Does it refer to multifamily housing only or also to single family units? Does it apply to dormitory and congregate living facilities? Are military housing facilities included? Are religious or charitable owned and operated facilities available for occupancy or "shelter use" by the public included? The possibilities extend ad infinitum.
Finally, the term "facility" is open to so many possible interpretations as to be bewildering. *1200 Are the corporate offices of a "public housing facility" included? Are government offices that operate low income housing included? Are sewage, water and utility facilities included?
In our opinion the possibilities for a misapplication of the term "public housing facility" are too numerous to allow that provision to section 893.13(1)(i) to withstand constitutional scrutiny. Our decision does not affect the validity of other portions of that statute.
The orders appealed from are affirmed.
SCHOONOVER and PARKER, JJ., concur.