JORGENSON, Judge.
David Williams appeals from a judgment of conviction for possession with intent to sell or purchase cocaine within two hundred feet of a public housing facility. We affirm.
Williams moved to dismiss the charge against him on the ground that section 893.13(l)(i), Florida Statutes (1991), is unconstitutionally vague, and violates state and federal guarantees of due process and equal protection. Section 893.13(l)(i) enhances the penalty for dealing in illegal narcotics by providing that:
Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on, or within 200 feet of the real property comprising a public housing facility, within 200 feet of the real property comprising a public or private college, university, or other postsecond-ary educational institution, or within 200 feet of any public park, (emphasis added).
The trial court denied the motion to dismiss. Defendant entered a plea of nolo contendere, specifically reserving for review the trial court’s denial of his motion to dismiss. Defendant was convicted of the charge, and was sentenced to two and one-half years incarceration.
Defendant argues that the term “public housing facility” is so indefinite that it fails to give a person of ordinary intelligence fair notice of what conduct is prohibited, as the term “facility” could include not only government subsidized housing for low income residents, but could also be read to include offices, construction sites, and other “facilities,” that establish or serve public housing. We disagree, and join the First District, which held that section 893.13(l)(i) is not unconstitutionally void for vagueness. Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1992).[1] A penal statute “will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct.” Sanicola v. State, 384 So.2d 152, 153 (Fla.1980) (citations omitted). The legislature’s failure to define “public housing facility” does not render the statute unconstitutionally vague. “If a statute or rule uses a word without defining it, then its common or ordinary meaning applies.” State v. J.H.B., 415 So.2d 814, 815 (Fla. 1st DCA 1982). The term “public housing,” in common parlance, is understood to encompass affordable, government subsidized housing for individuals or families with varied needs. Furthermore, the term “public housing” is used elsewhere in the Florida Statutes. See generally, Chapter 420, *325 Florida Statutes (1991), and § 420.-0003(3)(d) (“The important contribution of public housing to the well-being of low-income citizens shall be acknowledged through state and local government efforts to provide services and assistance through existing programs to public housing facilities and their tenants.”) (emphasis added). The term “facility” is defined as “[something that is built or installed to perform some particular function.” Black’s Law Dictionary 531 (5th ed. 1979). See also Gulf Coast Hosp. v. Department of Health & Rehab. Servs., 424 So.2d 86, 87 n. 1 (Fla. 1st DCA 1982) (“Webster’s Third New International Dictionary, Unabridged, at 812: Facility ... something ... that is built, constructed, installed or established to perform some particular function or to serve or facilitate some particular need.”).
The statute under review in this case provides sufficient guidance to drug dealers to allow them to avoid the enhanced penalty imposed by the legislature. The statute does not require that the individual know that he is within the proscribed distance. Cf. State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla.1990) (defendants charged with illicit drug activity within one thousand feet of a public or private elementary, middle, or secondary school need not be aware of the distance to a schoolyard). “And since there is no protected right to sell narcotics anywhere, there need be no concern for the person who removes his selling activity a considerable distance from a school in order to avoid the risk of being within the one thousand foot zone.” Burch, 545 So.2d at 281, quoting United States v. Agilar, 779 F.2d 123, 126 (2nd Cir.1985), cert. denied, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986). Likewise, to avoid running afoul of section 893.-13(l)(i), a person need only refrain from illegal drug activity in the vicinity of public housing. Compare Richards v. State, 608 So.2d 917 (Fla. 3d DCA 1992) (holding unconstitutional section 775.085(1), Florida Statutes (1991), which enhanced the penalty for any felony or misdemeanor if the commission of the offense evidenced prejudice based on the race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim; statute declared unconstitutional because it failed to define with sufficient due process particularity what additional criminal act was required to reclassify and enhance punishment of a felony or misdemeanor).
We find no merit in defendant’s argument that section 893.13(l)(i) violates constitutional guarantees of due process and equal protection. The legislature’s determination that residents of public housing are entitled to special protection from drug related crimes has a rational basis. See 42 U.S.C.A. § 11901 (West 1992).[2] See also Brown v. State, 610 So.2d 1356, 1358 (Fla. 1st DCA 1992) (“[T]he statute at issue protects children and other tenants of public housing projects from drug-related crime that is, by all accounts, rampant in such areas.”), and Lite v. State, 617 So.2d 1058 (Fla.1993) (statute that requires revocation of driver’s license of person convicted of possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance bears rational relationship to legitimate state purpose and therefore does not violate constitutional guarantees of substantive due process or equal protection).
For the foregoing reasons, we affirm defendant’s conviction and sentence.

. The Second District has recently held that section 893.13(l)(i) is unconstitutionally vague. State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993). We disagree, and certify conflict.

. “The Congress finds that ... (2) public and other federally assisted low-income housing in many areas suffers from rampant drug-related crime; (3) drug dealers are increasingly imposing a reign of terror on public and other federally assisted low-income tenants; (4) the increase in drug-related crime not only leads to murders, muggings, and other forms of violence against tenants, but also to a deterioration of the physical environment that requires substantial government expenditure_” 42 U.S.C.A. § 11901 (West 1992).