PER CURIAM.
Appellant claims the statute under which he was convicted, § 893.13(l)(i), Fla.Stat. (1991), prohibiting the sale of controlled substances within 200 feet of a “public housing facility,” is unconstitutionally vague, violates his federal and state rights to due process and equal protection, and amounts to an invalid exercise of police power. In Williams v. State, 618 So.2d 323 (Fla. 3d DCA 1993), this court rejected such claims. Accord Turner v. State, 615 So.2d 819 (Fla. 1st DCA), review granted, 621 So.2d 433 (Fla.1993); Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1992); contra State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993).
To this court’s Williams decision we can only add that the term “public housing” is defined in Webster’s Third New International Dictionary, Unabridged, at page 1836 as “low-rent housing owned, sponsored, or administered by a government.” When this term is coupled with that dictionary’s definition of “facility” as being “something ... that is built, constructed, installed, or established to perform some particular *106 function or to serve or facilitate some particular end,” it is clear that the phrase “public housing facility” has become an accepted and commonly understood phrase in the English vocabulary, such that persons of average intelligence will comprehend and understand the statutory proscription. See Williams; Webster’s Third New International Dictionary, Unabridged, at 812.
We certify conflict with State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993), so as to pair it for review with Turner v. State, 615 So.2d 819 (Fla. 1st DCA), review granted, 621 So.2d 433 (Fla.1993).
Accordingly, defendant’s conviction and sentence is affirmed.
NESBITT and GODERICH, JJ., concur.