629 So.2d 841 (1994)
James BROWN, Petitioner,
v.
STATE of Florida, Respondent.
State of Florida, Appellant,
v.
Melburn Ben THOMAS, et al., Appellees.
STATE of Florida, Appellant,
v.
Reginald Eugene KIRKLAND, Appellee.
Nos. 81189, 81724 and 81725.
Supreme Court of Florida.
January 6, 1994.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Chief, Appellate Div., Second Judicial Circuit, Tallahassee, and James Marion Moorman, Public Defender, Stephen Krosschell and Deborah K. Brueckheimer, Asst. Public Defenders, Tenth Judicial Circuit, Bartow, for petitioner/appellees.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Criminal Appeals, *842 Asst. Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for respondent/appellant.
HARDING, Justice.
We have consolidated for our review three cases in which district courts of appeal considered the constitutionality of section 893.13(1)(i), Florida Statutes (Supp. 1990). See State v. Kirkland, 618 So.2d 230 (Fla. 2d DCA 1993); State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993); Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1992). Section 893.13(1)(i) imposes enhanced penalties on those who sell, purchase, manufacture, deliver, or possess controlled substances within 200 feet of a public housing facility.[1]
Because the Second District found the statute unconstitutionally vague in Thomas and Kirkland,[2] we have mandatory jurisdiction based on article V, section 3(b)(1) of the Florida Constitution. In addition, the First District Court of Appeal found the statute constitutional in Brown, so we exercise our discretionary jurisdiction based on article V, section 3(b)(3) of the Florida Constitution.
We find the statute unconstitutionally vague because the phrase "public housing facility" does not give adequate notice of what conduct is prohibited and, because of its imprecision, may invite arbitrary and discriminatory enforcement. See Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla. 1984). We therefore affirm the decisions of the Second District in Thomas and Kirkland and quash the First District's decision in Brown. We remand Brown for proceedings consistent with this opinion.
The defendants in all three cases were charged with violating section 893.13(1)(i) by committing narcotics violations within 200 feet of a public housing facility. The trial courts in Thomas and Kirkland found the statute unconstitutionally void for vagueness and dismissed the charges against the defendants. The Second District Court of Appeal affirmed. Brown was convicted of selling cocaine within 200 feet of a public housing facility, but did not raise the issue of the statute's constitutionality until his appeal to the First District Court of Appeal. After deciding that an attack on the facial validity of a statute is a fundamental matter that could be raised for the first time on appeal, the district court found the statute constitutional because "a person of ordinary intelligence should know what was intended" by the phrase "public housing facility." Brown, 610 So.2d at 1358. The court affirmed Brown's conviction.
In the cases before us, the defendants in Kirkland, Thomas, and Brown argue that the phrase "public housing facility" as used in section 893.13(1)(i) is unconstitutionally vague. The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). "The language of the statute must `provide a definite warning of what conduct' is required or prohibited, `measured by common understanding and practice.'" Warren v. State, 572 So.2d 1376, 1377 (Fla. 1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985)). Because of its imprecision, a vague statute may invite arbitrary or discriminatory enforcement. Southeastern Fisheries, 453 So.2d at 1353. A statute is not void for vagueness if the language "`conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" Hitchcock v. State, 413 So.2d 741, 747 (Fla.) (quoting United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947)), cert. denied, *843 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
When reasonably possible and consistent with constitutional rights, this Court should resolve all doubts of a statute in favor of its validity. State v. Wershow, 343 So.2d 605, 607 (Fla. 1977). But this Court has also held that when there is doubt about a statute in a vagueness challenge, the doubt should be resolved "in favor of the citizen and against the state." Id. at 608. In the instant cases, there is sufficient doubt about the statute, requiring the doubt to be resolved in favor of the citizen and against the State. Thus, we find the statute facially invalid under the void-for-vagueness doctrine.
The sticking point of section 893.13(1)(i) is the heart of the statute: The phrase "public housing facility" simply does not give citizens fair warning about what conduct is forbidden.[3] The phrase "public housing facility" is so imprecise that it is impossible to tell from the statute's plain language what the Legislature intended to target. The phrase is not defined in the statute.[4] While that alone is not enough to render a statute unconstitutionally vague, we have found neither definitions from case law nor related statutes to aid us in determining the meaning of "public housing facility." As a result, arbitrary or discriminatory enforcement is likely.
We note by comparison section 893.13(1)(e), which provides enhanced penalties for drug offenses that occur within 1000 feet of a "public or private elementary, middle, or secondary school." The plain language of the statute gives a clearer indication of the conduct prohibited than does the amorphous phrase "public housing facility" at issue in the instant case. In addition, the word "school" has a common understanding, while the same cannot be said about the phrase "public housing facility."
When a statute such as section 893.13(1)(i) does not implicate constitutionally protected conduct in an overbreadth context, a facial challenge for vagueness will be upheld only if the enactment is impermissibly vague in all of its applications. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495-96, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Because section 893.13(1)(i) does not specify a standard of conduct, citizens and law enforcement must guess at what the statute prohibits. It therefore follows that such a statute is impermissibly vague in all applications.
We find no need to resort to dictionaries or to present a parade of hypothetical horribles in reaching our conclusion that section 893.13(1)(i) is void for vagueness. The statute presents a due process problem because the phrase "public housing facility" gives virtually no notice to Florida citizens of the type of conduct banned. Art. I, § 9, Fla. Const. No matter what goals the Legislature had in mind when enacting section 893.13(1)(i), statutes nonetheless must include sufficient guidelines to put those who will be affected on notice as to what will render them liable to criminal sanctions. When the Legislature fails to provide guidelines, this Court cannot step in and guess about legislative intent. Such a practice would constitute judicial legislating, a practice neither our Constitution nor this Court allows. Art. II, § 3, Fla. Const.; Brown v. State, 358 So.2d 16 (Fla. 1978). The precision required of statutes must come from the Legislature.
Having found the provision of section 893.13(1)(i) that deals with public housing facilities unconstitutionally void for vagueness, we affirm the decisions of the Second District in *844 Thomas and Kirkland and quash the First District's decision in Brown. We remand Brown for proceedings consistent with this opinion. We do not address the other issues raised in the briefs, and we do not pass on the constitutionality of the other provisions in section 893.13(1)(i).
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
GRIMES, J., dissents with an opinion, in which McDONALD, J., concurs.
McDONALD, Justice, dissenting.
I dissent. I cast my lot with and would approve Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1993).
GRIMES, Justice, dissenting.
I do not believe that section 893.13(1)(i), Florida Statutes (Supp. 1990), as it pertains to public housing facilities, is facially unconstitutional because of vagueness. Rather, I subscribe to the rationale of the Third District Court of Appeal when it explained:
Defendant argues that the term "public housing facility" is so indefinite that it fails to give a person of ordinary intelligence fair notice of what conduct is prohibited, as the term "facility" could include not only government subsidized housing for low income residents, but could also be read to include offices, construction sites, and other "facilities," that establish or serve public housing. We disagree, and join the First District, which held that section 893.13(1)(i) is not unconstitutionally void for vagueness. Brown v. State, 610 So.2d 1356 (Fla. 1st DCA 1992). A penal statute "will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct." Sanicola v. State, 384 So.2d 152, 153 (Fla. 1980) (citations omitted). The legislature's failure to define "public housing facility" does not render the statute unconstitutionally vague. "If a statute or rule uses a word without defining it, then its common or ordinary meaning applies." State v. J.H.B., 415 So.2d 814, 815 (Fla. 1st DCA 1982). The term "public housing," in common parlance, is understood to encompass affordable, government subsidized housing for individuals or families with varied needs. Furthermore, the term "public housing" is used elsewhere in the Florida Statutes. See generally, Chapter 420, Florida Statutes (1991), and § 420.0003(3)(d) ("The important contribution of public housing to the well-being of low-income citizens shall be acknowledged through state and local public housing facilities and their tenants.") (emphasis added). The term "facility" is defined as "[s]omething that is built or installed to perform some particular function." Black's Law Dictionary 531 (5th ed. 1979). See also Gulf Coast Hosp. v. Department of Health & Rehab. Servs., 424 So.2d 86, 87 n. 1 (Fla. 1st DCA 1982) ("Webster's Third New International Dictionary, Unabridged, at 812: Facility ... something ... that is built, constructed, installed or established to perform some particular function or to serve or facilitate some particular need.")
Williams v. State, 618 So.2d 323, 324-25 (Fla. 3d DCA 1993).
This statute does not purport to reach constitutionally protected conduct. Therefore, it may only be deemed void for vagueness if it "is impermissibly vague in all of its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 369 (1982). This principle was illustrated in Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979), in which a statute prohibiting the solicitation, offer, or receipt of a bribe in connection with the furnishing of services to a nursing home patient was attacked as being unconstitutionally vague. This court held that the defendant's conduct clearly fell within the scope of the statute and upheld the statute as constitutional. Addressing the argument that the extent of the statute's reach was unclear, the Court said:
Finally, appellees have presented us with an array of acts which, although arguably *845 well intended, might be deemed punishable under section 400.17(2)(a). We are constrained by fundamental principles of appellate review to decline appellees' invitation to decide whether these hypothetical acts would fall within the proscriptions of section 400.17(2)(a). Evans v. Carroll, 104 So.2d 375 (Fla. 1958); Sarasota-Fruitville Drainage District v. Certain Lands, 80 So.2d 335 (Fla. 1955); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA 1970); 3 Fla.Jur.2d Appellate Review § 286 (1978). The fact that the general conduct to which section 400.17(2)(a) is directed is plainly within its terms is a sufficient basis for our finding that this provision is not unconstitutionally vague. That marginal cases might exist where doubts may arise as to whether there may be prosecution under subsection (2)(a) does not render the enactment unconstitutionally vague.
Sandstrom, 370 So.2d at 6.
There are no doubt some types of facilities which cannot be said to clearly fall within the coverage of section 893.13(1)(i). With respect to persons prosecuted for selling drugs within 200 feet of those facilities, the statute would be deemed unconstitutional as applied. However, in one of the instant cases, Brown was caught selling cocaine within thirty feet of a low-rent housing project owned by the Panama City Housing Authority. The statute was applicable to him under any definition of public housing facility. Because the cases against Thomas and Kirkland were dismissed on a finding of facial unconstitutionality, the record does not adequately describe the nature of the housing facilities involved. Those cases should be returned to the trial court to develop the pertinent facts in order to determine whether the statute is unconstitutional in its application.
I respectfully dissent.
McDONALD, J., concurs.
NOTES
[1] The statute also applies enhanced penalties to drug offenses committed within 200 feet of a public or private college, university, or other postsecondary educational institution, or within 200 feet of a public park. § 893.13(1)(i), Fla. Stat. (Supp. 1990). This opinion is confined to the constitutionality of the "public housing facility" provision.
[2] The Second District issued a per curiam opinion in Kirkland that affirmed the trial court on the basis of State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993). State v. Kirkland, 618 So.2d 230 (Fla. 2d DCA 1993).
[3] A statute need not be so specific that it puts a person on reasonable notice of how to measure the distance between the location of the drug transaction and the public housing facility or requires the State to prove that a defendant knew he or she was within 200 feet of the public housing facility. See State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla. 1990) (upholding constitutionality of statute that forbade drug transactions within 1000 feet of schools).
[4] A similar statute in Georgia, for example, prohibits drug transactions within 1000 feet of a publicly operated housing project. The statute expressly defines "housing project" to mean "any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderateincome families pursuant to Chapter 3 of Title 8." Ga. Code Ann. § 16-13-32.5(b) (1992). We are not, of course, passing on the constitutionality of the Georgia statute.