PER CURIAM.
Appellant, Cecil Anthony Dortch, appeals his judgmente and sentences on the charges of possession of marijuana with intent to sell within 200 feet of a public housing facility, possession of more than 20 grams of marijuana, possession of drug paraphernalia and possession of cocaine. We reverse.[1]
After receiving information from a confidential informant with respect to a controlled buy of narcotics occurring on July 14, 1992, police officers obtained a warrant for appel *653 lant’s arrest which they executed on July 28, 1992. Escambia County Deputy, Eddie Barnard, proceeded to Apartment 250-FF, Truman Arms Apartments, the site of the earlier drug buy, along with Sergeant Wasdin. Barnard went to the front door while Sergeant Wasdin went to the rear door. Wasdin informed Barnard, by radio, that someone was looking at Barnard through the peep hole. Appellant opened the front door for Barnard. Barnard then instructed appellant to let Wasdin in the rear door and appellant complied. Barnard described what happened next:
Mr. Dortch was placed on the counter, pair of scissors were removed from his pocket, placed on the counter. Sergeant Wasdin took control of Mr. Dortch, and I went and cleared the apartment.
Barnard said he did not find anyone else in the apartment, but as he was looking for other occupants he found, on a dresser in the master bedroom, “a baggie containing several baggies of marijuana up under a baseball hat.” “A very small portion of the bag and marijuana was in plain view.” Barnard continued to clear the apartment for other persons. In what appeared to be a child’s room he found a paper bag containing plastic baggies. In the bag Barnard found cocaine and some small scales which he believed could be used to measure narcotics.
Appellant objected to the introduction of the drug paraphernalia on the ground that he didn’t live at that apartment and it had nothing to do with him. The jury was excused. Appellant argued that the officers stated that they had an arrest warrant rather than a search warrant. Appellant argued that he complied with the officer when he opened the door and surrendered to the officer. There was no struggle. Appellant argued that the officer did not even have the right to ask him to step to the back door of the apartment. Appellant argued that the officer searched the apartment rather than looked for other occupants. The state argued that it was reasonable, when serving an arrest warrant, to search the house for other occupants. The trial court denied appellant’s motion to suppress the drug paraphernalia. When the state later attempted to introduce the marijuana and cocaine into evidence, appellant objected. The trial court stated that the marijuana and cocaine would be admitted “over the objections previously noted,” in an apparent reference to appellant’s motion to suppress the paraphernalia and appellant’s pretrial motion to suppress evidence, argued on the same grounds — that the search was beyond the permissible scope of the arrest warrant.
Sergeant Wasdin also testified. He stated that while looking through the kitchen window he observed the defendant looking through the peephole of the front door. The defendant then moved in a “very hurried” manner out of his view and towards the “main body of the apartment.” Appellant returned to the front door about 20 to 30 seconds later, looked out the peephole and let Barnard into the apartment. Wasdin “secured” the defendant while Barnard “completed his activities at the apartment.”
On appeal, appellant argues that when arresting a suspect, an officer may look in closets and other spaces immediately adjoining the suspect from which an attack could be launched; however, the search of any other area incident to the arrest requires specific and articulable facts which reasonably warrant the belief that the area to be swept harbors an individual posing a danger to those on the scene, citing Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).[2] Appellant directs us to the applicable rule of law. Having reviewed the testimony, we agree that the state failed to produce evidence sufficient to satisfy the standard articulated in Maryland v. Buie. Therefore, the trial court erred in denying appellant’s motion to suppress the evidence against him.
REVERSED.
BARFIELD, MINER and MICKLE, JJ., concur.

. Appellant raises six issues on appeal. We will discuss only one issue and the facts pertaining thereto, which we find dispositive of the appeal. We note parenthetically, however, that the Florida Supreme Court has found Section 893.-13(l)(i), Florida Statutes, proscribing sale or possession with the intent to sell a controlled substance within 200 feet of a public housing facility, to be unconstitutionally vague. Brown v. State, 629 So.2d 841 (Fla. 1994).

. We reject the state's argument that this issue was not preserved for appellate review.