PER CURIAM.
The appellant seeks review of his adjudication of guilt and sentences after he pled no contest to numerous charges of sale of cocaine within 200 feet of a public housing facility, possession of cocaine with intent to sell within 200 feet of a public housing facility, and possession of cocaine. We reverse and remand for further proceedings.
Appellant first argues that the trial judge erred in denying his motion to dismiss certain charges. Appellant correctly notes that the supreme court found section 893.13(l)(i), Florida Statutes, which imposes enhanced penalties on those who sell, purchase, manufacture, deliver, or possess controlled substances within 200 feet of a public housing facility, unconstitutionally vague because the phrase “public housing facility” does not give adequate notice of what conduct is prohibited. Brown v. State, 629 So.2d 841 (Fla.1994). We therefore reverse the convictions based on violation of section 893.13(l)(i) and remand for proceedings consistent with Brown.
It is also necessary to reverse the sentences imposed for possession of cocaine in violation of section 893.13(l)(f), Florida Statutes. The five and one-half year sentences imposed exceed the statutory maximum sentence for a third degree felony. Accordingly, we remand for resentencing on the charges of possession of cocaine.
Appellant asserts that he was a juvenile when the offenses in three of the cases were committed. Appellant argues that the trial judge erred in sentencing him as an adult in these three cases without addressing any of the statutory criteria of section 39.059(7), Florida Statutes. The state concedes error. Troutman v. State, 630 So.2d 528 (Fla.1993). On remand, the trial judge must consider the criteria of section 39.059(7) before determining the suitability of adult sanctions with regard to the offenses committed while a juvenile. Before resentencing the appellant, a correct sentencing guidelines scoresheet shall be prepared. See Jeter v. State, 604 So.2d 1250 (Fla. 1st DCA 1992).
REVERSED and REMANDED.
BARFIELD, KAHN and VAN NORTWICK, JJ., concur.