LAZZARA, Judge.
The State of Florida seeks certiorari review of a decision of the circuit court sitting in its appellate capacity which declared a trespassing ordinance of the City of St. Pe-tersburg unconstitutional on the basis that the ordinance was vague. Because we conclude that the circuit court deviated from the essential requirements of the law in making this determination, we issue the writ and quash the order under review.
The respondent was convicted by a county court judge at a nonjury trial of violating section 21-40(a) of the St. Petersburg City Code which provides that:
No person shall enter or remain upon park property at any time between sunset of any day and sunrise of the following day except by permit issued by the Department or unless permission has been given by the Department.
At trial, the evidence clearly established that the respondent was observed by two law enforcement officers within a public park at approximately 1:30 a.m.; that there were signs stating that the park was closed from dawn to dusk; and that one of the officers had consistently enforced the ordinance at this park in the past. In defense, the respondent testified that he entered the park because he was looking for his dog. He also established that one of the officers had occasionally observed people in the park after dusk. There was no evidence, however, as to whether these people were cited for violating the ordinance.
At the conclusion of the testimony, the respondent argued that the ordinance was vague and selectively enforced.[1] The county court judge treated this argument as a motion to dismiss and, after rejecting it, found the respondent guilty and assessed a small fine. On appeal, the circuit court reversed *610 the respondent’s conviction based on its determination that the ordinance was so vague that it failed to give adequate notice of what conduct was prohibited. The circuit court also concluded that the ordinance invited arbitrary and discriminatory enforcement and may be used to punish entirely innocent conduct. We disagree with this assessment of the constitutionality of the ordinance.
We begin our analysis by noting that we are not concerned with an “over-breadth” challenge to the ordinance which has as its focus the adverse application of a legislative enactment to conduct constitutionally protected by the First Amendment. Carricarte v. State, 384 So.2d 1261, 1262 (Fla.), cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980). Instead, because the circuit court based its decision on the doctrine of vagueness, we limit our review to a determination of whether the ordinance passes constitutional scrutiny under this doctrine, which involves considerations “separate and distinct” from the doctrine of over-breadth. E.g., Southeastern Fisheries Ass’n, Inc. v. Dep’t of Natural Resources, 453 So.2d 1351, 1353 (Fla.1984).
We recently summarized the essence of the vagueness doctrine in State v. Delgrasso, 653 So.2d 459 (Fla. 2d DCA 1995). In that ease we observed that:
A legislative enactment will not be declared vague unless the statute fails to give persons of ordinary intelligence fair notice of what constitutes the forbidden conduct and which, because of imprecision, may invite arbitrary and discriminatory enforcement. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Southeastern Fisheries Ass’n, Inc. v. Dep’t of Natural Resources, 453 So.2d 1351 (Fla.1984). If the language of the statute, when measured by common understanding and practice, con-' veys a sufficiently definite warning of what conduct is proscribed it should not be found unconstitutionally vague. Brown v. State, 629 So.2d 841 (Fla.1994).
Id. at 462-463.
Measured against these standards, we conclude that the ordinance passes constitutional muster under the vagueness doctrine. It provides sufficiently definite notice in commonly understood language to citizens of ordinary intelligence that they are prohibited from entering a St. Petersburg public park between dusk and dawn unless they have prior authorization.[2] Furthermore, we discern nothing in this record demonstrating that the ordinance has been arbitrarily and capriciously enforced. Absent such a showing, the language of the ordinance is precise enough to guide law enforcement officers in determining what conduct constitutes prohibited conduct. McKenney v. State, 388 So.2d 1232, 1234 (Fla.1980). Moreover, because the respondent engaged in the specific type of conduct which the core of the ordinance was designed to prohibit, he has no standing to question the vagueness of the law as it might be applied to the hypothetically innocent conduct of others, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982), or to complain of the absence of notice. State v. Hamilton, 388 So.2d 561, 562 (Fla.1980).
We conclude, therefore, that the circuit court deviated from the essential requirements of the law in declaring the subject ordinance unconstitutional on the basis of vagueness and that this decision has resulted in a miscarriage of justice requiring us to invoke our certiorari jurisdiction. See City of Sarasota v. Calhoun, 21 Fla. L. Weekly D1348, — So.2d - (Fla. 2d DCA June 5, 1996). Accordingly, we grant the writ, quash the decision of the circuit court, and remand with directions to reinstate the county court judgment.
*611 Certiorari granted, order quashed, and cause remanded with directions.
PARKER, A.C.J., and ALTENBERND, J., concur.

. The respondent represented himself at trial.

. While some individuals may question the legislative wisdom of prohibiting entry into a public park after dark, such a regulatory enactment, so long as it serves the interest of the public good, is a valid and reasonable exercise of the police power of a governmental entity. Cf. Downer v. State, 375 So.2d 840, 844 (Fla.1979) (public access may be expressly limited to the extent necessary for orderly functioning of a public facility); State ex rel. Nicholas v. Headley, 48 So.2d 80, 81 (Fla.1950) (right of a citizen to use public streets not unconditional and absolute but may be controlled and regulated in the interest of the public good).