706 So.2d 1361 (1998)
William THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02363.
District Court of Appeal of Florida, Second District.
January 9, 1998.
John N. Conrad of Law Office of John N. Conrad, Brandon, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
William Thompson appeals his habitual felony offender sentence which the trial court imposed after Thompson entered an open no *1362 contest plea to escaping from police custody, obstructing or opposing an officer with violence, no valid driver's license and alteration of license plates. Because the trial court failed to comply with the requirements of Ashley v. State, 614 So.2d 486 (Fla.1993), we vacate the habitual offender sentences imposed and remand for further proceedings.[1]
First, Thompson asserts that the State failed to provide proper written notice of its request for a habitual felony offender sentence. Thompson argues that the service of the notice at the outset of the status hearing was not a sufficient time prior to the entry of his plea and that the State failed to serve defense counsel with written notice.
At the status hearing, the State announced:
Your Honor, at this time the State is going to file its notice of its intent to treat this defendant as a habitual felony offender, serving a copy of that notice on the defendant and on the clerk.
I don't have one for [defense counsel]. She can copy her client's.
Defense counsel immediately replied, "Judge, my client knew this was coming as of about five minutes ago, but we've discussed the case and we don't feel that we need to waste the Court's time with a trial just because he's been noticed." Thompson then entered his pleas.
Section 775.084(3)(b), Florida Statutes (1993), provides, "Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant."[2] In this case, the State provided notice before Thompson entered his plea and there is no indication that Thompson did not have adequate time for preparation. In fact, defense counsel's comment indicates the contrary. Furthermore, both counsel and Thompson essentially received the written notice, regardless of whether they each had a copy to call their own.
Even if we construed these facts to be violations of the proper procedure for providing notice, they are so inconsequential that they do not require vacating the habitual felony offender sentence. In Massey v. State, 609 So.2d 598, 600 (Fla.1992), the supreme court held that a trial court's failure to strictly comply with the notice requirement of section 775.084(3)(b) is subject to the harmless error analysis. There is no question that Thompson and his attorney were aware that the State sought habitual felony offender sentencing. Moreover, there is no suggestion in the transcript that either Thompson or his counsel objected to or was unprepared to deal with the State's request for imposition of habitual felony offender sentences. Accordingly, we hold that Thompson's habitual felony offender sentence should not be vacated on this ground.
Second, Thompson asserts that the trial court failed to advise him of the possibility of habitualization and its consequences. The following colloquy took place concerning habitual offender sentencing:
THE COURT: Do you understand the representations made by [defense counsel] that you will enter a plea of no contest to one count of escape from police custody, a second degree felony which carries a maximum sentence of 15 years Florida State Prison as a regular sentence or 30 years Florida State Prison as a habitual felony offender?
A. Yes, ma'am.
Q. In addition you are charged with one count of obstructing or opposing an officer *1363 with violence, charged as a third degree felony carrying a 5 or 10 year Florida State Prison sentence.
A. Yes, ma'am.
Under Ashley, 614 So.2d at 490, the trial court must confirm that the defendant is personally aware of both the possibility of and the reasonable consequences of habitualization. The supreme court explained the proper inquiry by the trial court as follows:
The defendant should be told of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent felony offender provisions are implicated, the mandatory minimum term.
Ashley, 614 So.2d at 490 n. 8. In this case, the plea colloquy quoted shows that the trial court told Thompson he was eligible for habitualization and informed him of the maximum habitual offender terms for each felony offense. However, Thompson was not told that habitualization might affect the possibility of early release. Therefore, Ashley requires that we vacate the habitual felony offender sentence on this ground and remand for resentencing. At resentencing, Thompson should be given the opportunity to withdraw his plea and proceed to trial if he desires. Should Thompson plead no contest or guilty, the trial court may in its discretion resentence him under the guidelines or impose a habitual felony offender sentence if the requirements of section 775.084 and Ashley are met. See Wilson, 658 So.2d at 523; Collins v. State, 687 So.2d 919, 920 (Fla. 2d DCA 1997); Bell v. State, 624 So.2d 821, 821-822 (Fla. 2d DCA 1993).
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.
NOTES
[1] The State challenges this court's jurisdiction and asks that the following question be certified: "In matters involving the trial court's failure to comply with Ashley, 614 So.2d 486, may a defendant file a direct appeal when a judgment is entered on a no contest or guilty plea, or must he first seek collateral review." The State also asks this court to certify conflict with Williams v. State, 691 So.2d 484 (Fla. 4th DCA 1997). We decline to certify the question as one of great public importance. However, we acknowledge conflict with Williams.
[2] The defendant's sentence is governed by the version of the habitual felony offender statute in effect on the date of his offense. See Bond v. State, 675 So.2d 184, 185 (Fla. 5th DCA 1996); Williams v. State, 600 So.2d 524, 526 (Fla. 2d DCA 1992); Wahl v. State, 568 So.2d 1303, 1305 (Fla. 2d DCA 1990).