712 So.2d 781 (1998)
James BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00443.
District Court of Appeal of Florida, Second District.
June 12, 1998.
*782 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
James Bryant appeals the final judgment after entering no contest pleas to the sale of cocaine and the sale of cocaine within 200 feet of a public park. Bryant contends that section 893.13(1)(d), Florida Statutes (1995),[1] is unconstitutionally vague. Further, Bryant contends that the trial court failed to make a proper Nelson[2] inquiry after Bryant filed a motion to discharge his court-appointed attorney. Lastly, Bryant contends that the trial court erred by failing to determine whether he knew the consequences of habitualization before entering his pleas. Although we disagree with Bryant's contention that the phrase "public park" is unconstitutionally *783 vague, we reverse because the record supports that the trial court failed to make a proper inquiry upon Bryant's motion to discharge his attorney and to determine whether Bryant was aware of the consequences of the habitualization.
First, Bryant asserts that the phrase "public park" as used in section 893.13(1)(d) is unconstitutionally vague because it is impossible for a person of ordinary intelligence to understand the scope or location of these areas in which the statute creates enhanced sanctions. He argues that the phrase does not give adequate notice of what conduct is prohibited and could cause arbitrary and discriminatory enforcement. Bryant relies on this court's opinion in State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993), aff'd, Brown v. State, 629 So.2d 841 (Fla.1994), in which this court determined that the phrase "public housing facility" was unconstitutionally vague.[3]
When the legislature fails to define a term within the statute, then "it should be given its plain and ordinary meaning." State v. Delgrasso, 653 So.2d 459, 463 (Fla. 2d DCA 1995). In this case, the statute does not define the term "public park"; however, the term has an ordinary meaning or common understanding. The term "public park" is more like the term "public school" in that people have a common understanding of the words "school" and "park." Whereas, the term "public housing facility" is not easy to define, nor is it readily apparent that a facility is a public housing facility. Additionally, the term "public park" has been defined in other types of cases. See Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla.1957) (accepted definition of park which not only includes open square or plaza containing shade trees and seats, but also a place of recreation and amusement); White v. Metropolitan Dade County, 563 So.2d 117, 123 (Fla. 3d DCA 1990) (relied on Hanna to determine that the construction of a tennis complex did not violate the "public park purposes only" provision of a deed restriction).
Because this statute does not reach any constitutionally protected conduct, "it may only be deemed void for vagueness if it is impermissibly vague in all of its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497, 102 S.Ct. 1186, 71 L.Ed,2d 362 (1982). It is difficult to imagine scenarios where the application of this statute would be arbitrary or discriminatory. If there is a case wherein there is an issue of whether the area in question was a "public park," the defendant could challenge it on the grounds that the statute was unconstitutional as applied. See Sandstrom v. Leader, 370 So.2d 3, 6 (Fla. 1979) (held that the fact that "[m]arginal cases might exist where doubts may arise as to whether there may be prosecution ... does not render the enactment unconstitutionally vague."). Moreover, because Bryant was caught violating the specific conduct for which the statute was designed to prohibit, he has no standing to question the vagueness as applied to "the hypothetically innocent conduct of others." Village of Hoffman Estates, 455 U.S. at 494-95, 102 S.Ct. 1186; see also State v. Baal, 680 So.2d 608, 610 (Fla. 2d DCA 1996).
Next, we conclude that the record supports Bryant's contention that the trial court did not make the proper inquiry after Bryant and his attorney requested that the attorney be discharged or allowed to withdraw. Bryant made three requests to have his attorney discharged. His reasons included the failure of his attorney to contact him, failure of the attorney to appear at a bond reduction hearing, failure of the attorney to contact drug assessment organizations as requested, and failure to return or accept Bryant's calls. Bryant also filed a complaint against his attorney with The Florida Bar, which was eventually dismissed. When Bryant advised the trial court that he had communication problems with his lawyer, the court asked the attorney what he thought the problem was, but the trial court never inquired into the specific complaints that Bryant listed. The attorney did not respond *784 to any of the specific complaints other than to say that they had a problem communicating. The trial court denied the motion without making any findings.
At sentencing, Bryant and his attorney again requested that Bryant's request to have his attorney discharged be granted because of ongoing communication problems. Furthermore, the attorney stated that he did not believe that he counseled Bryant properly. The court focused on whether the plea was voluntary and again did not make any further inquiry. Bryant clearly asked that his attorney be discharged and that another be appointed. We reverse because the trial court abused its discretion by failing to conduct an appropriate inquiry under Nelson. See also Jones v. State, 658 So.2d 122 (Fla. 2d DCA 1995).
Finally, Bryant correctly argues that the trial court failed to determine whether he understood the consequences of habitualization before entering his pleas. In Thompson v. State, 706 So.2d 1361 (Fla. 2d DCA 1998), this court vacated a habitual felony offender sentence pursuant to Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993), where the plea colloquy was identical to the plea colloquy in this case. See Thompson, 706 So.2d at 1363.
Because we conclude that Bryant's plea was involuntary, we reverse and remand for proceedings consistent with this opinion. Upon remand, the trial court must give Bryant the opportunity to withdraw his plea and to proceed to trial if he wishes. If Bryant again pleads no contest or guilty, the trial court may again sentence him as a habitual felony offender if the requirements of section 775.084 and Ashley are met. See Collins v. State, 687 So.2d 919, 920 (Fla. 2d DCA 1997).
Reversed and remanded.
ALTENBERND and QUINCE, JJ., concur.
NOTES
[1] That subsection provides:

[I]t is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 200 feet of the real property comprising a public housing facility, within 200 feet of the real property comprising a public or private college, university, or other postsecondary educational institution, or within 200 feet of any public park.
[2] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[3] In Brown, the supreme court did not address whether the term "public park" was unconstitutionally vague. See 629 So.2d at 841 n. 1.