NORTHCUTT, Judge.
Terry Joyce pleaded guilty to numerous charges of delivery or possession of cocaine, and to one charge of sale of a counterfeit controlled substance. The court sentenced him as a habitual offender on the delivery counts and under the guidelines on the other counts. Joyce challenges his sentences on appeal.
We first address the habitual offender sentences. We reject Joyce’s argument that the State failed to prove that his previous convictions were separately sentenced, as required under section 775.084(5), Florida Statutes (1995). But there is merit in Joyce’s contention that the circuit court, in accepting his plea, did not comply with the procedure described in Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993). The court failed to explain the consequences of habitual offender sentences, other than to tell Joyce that they carried a higher maximum penalty than guidelines sentences. It did not discuss the effect of habitual offender sentences on eligibility for early release. Consequently, we must reverse Joyce’s habitual offender sentences and remand with instructions to give him the • opportunity to withdraw his plea.[1]
Regarding Joyce’s guidelines sentences, the State concedes that the scoresheet was improperly prepared because it included crimes for which Joyce had been sentenced as a habitual offender. See Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996). We reverse his guidelines sentences and remand for resentencing under a corrected score- *1054 sheet. See Watson v. State, 658 So.2d 118, 119 (Fla. 2d DCA 1995).
PARKER, C.J., and RONDOLINO, ANTHONY, Associate Judge, concur.

. The State has argued that the circuit court’s failure to follow the procedure in Ashley v. State, 614 So.2d 486 (Fla.1993), is not cognizable on direct appeal, citing Williams v. State, 691 So.2d 484 (Fla. 4th DCA 1997). We have acknowledged conflict with Williams. See Thompson v. State, 706 So.2d 1361, 1362 n. 1 (Fla. 2d DCA 1998).