SHAW, J.
We have for review Joyce v. State, 713 So.2d 1053 (Fla. 2d DCA 1998), based on conflict with State v. Thompson, 735 So.2d 482 (Fla.1999). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Joyce pleaded guilty to numerous criminal charges and was sentenced as an habitual offender. The district court reversed the- sentences because the trial court failed to explain to Joyce that habit-ualization could affect his eligibility for early release. We have since held in Thompson that this is a fact-based issue *1030 regarding the voluntariness of the plea and must be raised in the trial court either in a timely motion to withdraw the plea or in a motion for postconviction relief.
Accordingly, we quash Joyce and remand for further proceedings consistent with Thompson and without prejudice to Joyce’s right to raise this issue in the trial court via postconviction motion.
it is so ordered.
HARDING, C.J, and WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.