PER CURIAM.
Derrick Evans appeals an upward departure sentence imposed after violation of probation. Although the upward departure sentence was permissible in 1987 when this sentence was imposed, State v. Pentaude, 500 So.2d 526 (Fla.1987), the Florida Supreme Court receded from that decision in Lambert v. State, 545 So.2d 838, 842 (Fla.1989); see also Ree v. State, 565 So.2d 1329, 1331 (Fla.1989). As the present proceeding is a direct, albeit belated, appeal, defendant is entitled to decision in accordance with Lambert and Ree. See Junco v. State, 510 So.2d 909, 913-14 (Fla. 3d DCA), review denied, 518 So.2d 1276 (Fla.1987). Defendant must therefore be resentenced within the guidelines, that is, within the one-cell increase above the recommended range.*
Reversed and remanded for resentenc-ing.

 As the crimes for which defendant was on probation were committed in 1986 prior to the creation of the permitted range, the one-cell increase must be based on the recommended range, rather than the permitted range. See Irizarry v. State, 578 So.2d 711 (Fla. 3d DCA 1991) (rehearing opinion).