634 So.2d 212 (1994)
Robert NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1522.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
*213 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In this direct appeal, appellant Robert Norman seeks a determination that his pleas in the trial court were not entered into voluntarily, knowingly, and intelligently. Appellant entered a plea of nolo contendere to two counts of burglary without reserving his right to appeal. He did not seek to withdraw his pleas in the trial court.
The law is clear that, except in a case where the death penalty has been imposed, a plea of nolo contendere without an express reservation of the right to appeal, will not support a direct appeal.
Section 924.06(3), Florida Statutes (1991), provides:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.
§ 924.06(3), Fla. Stat. (1991). The Florida Supreme Court in Robinson v. State, 373 So.2d 898 (Fla. 1979), held that statute to be constitutional. Id. The statute has remained unchanged since the decision in that case. The Robinson court also determined that the language "with no express reservation of the right to appeal," specifically modifies "nolo contendere" pleas and not "guilty" pleas. Id. at 903. In other words, only an individual who pleads nolo contendere may expressly reserve a point for appeal. Florida Rule of Appellate Procedure 9.140(b) has a similar thrust:
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
Thus, according to both substantive and procedural law, one who pleads nolo contendere without any reservation of the right below is precluded from bringing a direct appeal.
We therefore dismiss this appeal without prejudice to the appellant's right to challenge the voluntariness of his plea in the trial court.
APPEAL DISMISSED.
ANSTEAD, HERSEY and STONE, JJ., concur.