PER CURIAM.
Anthony Neal a/k/a Ward Neal appeals from an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
We find no merit in appellant’s argument that the trial court erred when it failed to require his presence at the hearing on his motion for post-conviction relief. See Fla. R.Crim.P. 3.850(e); Clark v. State, 491 So.2d 545 (Fla.1986). The state, however, concedes the record does not refute appellant’s claim for post-conviction relief on the grounds that his plea was involuntary and that the case must be remanded for an evidentiary hearing. The state also concedes that since appellant asserted a claim of ineffective assistance of trial counsel by the public defender’s office, the trial court erred when it reappointed that office to represent him in the post-conviction relief matter. The state further concedes that appellant’s conviction of driving with a suspended license must be vacated since he did not plead to this charge. We agree with the state’s concessions of error. Accordingly, we reverse the order denying appellant’s motion for post-conviction relief and remand this cause to the trial court to conduct an evidentiary hearing and to enter an order vacating appellant’s eonviction of drMn^ ^ a susPended license.
REVERSED and REMANDED.
DELL, C.J., and HERSEY and STONE, JJ., concur.