FULMER, Judge.
Joshua Gonzalez challenges the judgments and sentences imposed for the crimes of robbery with a weapon, grand theft of a motor vehicle, reckless driving, fleeing and attempting to elude a police officer, no valid driver’s license, and fraudulent use of a credit card. Because the trial comet erred by excluding a defense witness without conducting a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), we reverse and remand for a new trial.
During the trial, defense counsel was informed by the defendant’s family that they had located a neighbor whose testimony would support the defense to the robbery and grand theft charges. The neighbor was with the family outside the courtroom. Defense counsel presented a general proffer of her testimony and requested the opportunity to question the neighbor and call her as a witness in the trial. The trial court denied the request and excluded the witness without conducting a Richardson hearing. First, we note that nothing in the record suggests that defense counsel knew of the existence of this witness prior to the commencement of the trial. Thus, it appears that the court was not faced with a willful discovery violation.
In any event, the trial court was obligated to conduct a hearing and make the inquiries required by Richardson. “The extent to which sanctions should be imposed for discovery violations depends upon the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition’s ability to prepare for trial.” Richardson, 246 So.2d at 775. A new trial is required when the court excludes a witness without conducting a hearing and receiving evidence which warrants the imposition of such a severe sanction. Smith v. State, 500 So.2d 125 (Fla.1986); see Brazell v. State, 570 So.2d 919 (Fla.1990); L.W. v. State, 618 So.2d 349 (Fla. 2d DCA 1993).
The defendant also challenges his dual convictions for robbery with a weapon and grand theft of a motor vehicle, citing Sirmons v. State, 634 So.2d 153 (Fla.1994), which was decided during the pendency of this appeal. In Sirmons, the supreme court held that dual convictions of these offenses cannot stand because they are aggravated forms of the same underlying offense of theft, distinguished only by degree factors. Id. at 154. Therefore, upon retrial, if the defendant is again found guilty of robbery with a weapon and grand theft of an automobile, he may be convicted of only one offense.
Reversed and remanded for farther proceedings consistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.