658 So.2d 521 (1995)
STATE of Florida, Petitioner,
v.
Bobby WILSON, Respondent.
No. 84789.
Supreme Court of Florida.
July 6, 1995.
Robert A. Butterworth, Atty. Gen. and Georgina Jimenez-Orosa, Sr. Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Karen E. Ehrlich, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
SHAW, Justice.
We have for review Wilson v. State, 645 So.2d 1042 (Fla. 4th DCA 1994), wherein the district court certified conflict with Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), review denied, 634 So.2d 622 (Fla. 1994). We *522 have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash Wilson.
Wilson was charged with robbery on April 26, 1993, and two days later the State filed written notice of intent to seek enhanced penalties under section 775.084, Florida Statutes (1993), the habitual felony offender statute. At the plea hearing on July 2, 1993, Wilson submitted a written plea offering a plea of nolo contendere and containing this provision:
7. I understand that if I plead Nolo Contendere to these charges ... the maximum possible penalty is 15 years + $10,000 fine.
The fifteen-year limit was the standard statutory maximum for Wilson's crime, a second-degree felony, under section 775.082, Florida Statutes (1993), which supersedes and caps guidelines ranges.[1]
The following colloquy then took place concerning sentencing as an habitual offender:
THE COURT: Anything further on the known and voluntary nature of the plea?
MS. CRAFT [prosecutor]: Your Honor, just that [prosecutor] Ms. Hill did file a notice of intent to seek enhanced penalties on April 28th and I just want to make sure that Mr. Wilson is aware of that.
I do not know what she is going to recommend for sentence.
THE COURT: Mr. Wilson, do you understand that the State is seeking an enhanced penalty to have you classified as an habitual offender?
DEFENDANT: Yes, sir.
Sentencing as an habitual offender, an alternative to sentencing under the guidelines, carries maximum sentences that are roughly double the standard statutory maximums. See § 775.084, Fla. Stat. (1993). The maximum for Wilson's crime as an habitual offender was thirty years' imprisonment, as opposed to the fifteen year limit mentioned in his plea petition.
The court accepted Wilson's plea of nolo contendere, ordered a presentence investigation, and deferred sentencing. At sentencing on August 23, 1993, the court sentenced Wilson as an habitual felony offender to twenty-two years imprisonment followed by three years' probation. On appeal, the district court concluded that the trial court had failed to meet the requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993), before accepting Wilson's plea. The court reversed the sentence and remanded for imposition of a sentence within the fifteen-year limit set forth in Wilson's written plea. The State petitioned for review.
This Court in Ashley held that before a court can habitualize a defendant pursuant to a plea the court must ensure that the plea is knowing and intelligent:
In sum, we hold that in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Ashley, 614 So.2d at 490 (footnote omitted). We explained that the "reasonable consequences of habitualization" include "the maximum habitual offender term for the charged offense, [and] the fact that habitualization may affect the possibility of early release through certain programs." Id. at 490 n. 8.
In the present case, the first Ashley requirement was met  the State filed written notice of intent to habitualize before the plea was accepted. The second requirement, however, was not. Although the court confirmed that Wilson was aware of the possibility of habitualization, it failed to confirm that he knew of the maximum habitual offender term for the charged offense and that he could be ineligible for certain programs affecting early release.
The issue posed is whether, in light of this error, the case should be remanded for imposition of a sentence in conformity with the plea petition or whether Wilson should *523 simply be given the chance to withdraw his plea. Wilson has not filed a motion to withdraw his plea and argues that the fifteen-year limit in the petition should be enforced. The State, on the other hand, contends that Wilson's only option is to withdraw his plea and proceed to trial, if he so desires.
In Ashley we vacated Ashley's habitual offender sentence and remanded for imposition of a sentence in conformity with the plea petition based on the facts of that case. Ashley's petition specifically provided, "I understand my sentence will be imposed under the Sentencing Guidelines." Ashley, 614 So.2d at 490. Additionally, the State had failed to give written notice of intent to seek habitualization before the court accepted the plea, and the court had failed to confirm that Ashley was aware of the possibility and reasonable consequences of habitualization.
Further, the entire discussion at the plea colloquy in Ashley focused on the guidelines, clearly suggesting a guidelines sentence would be forthcoming. Habitualization was never even mentioned. The court noted, "so, realistically, if we can get a [guidelines] score sheet on Friday, we'll set sentencing for Friday." At the time the plea was accepted, in short, everyone  Ashley, the prosecutor, the court  had, in effect, agreed to a guidelines sentence. We remanded for resentencing pursuant to that agreement rather than giving Ashley the sole option of withdrawing his plea and proceeding to trial.
In the present case, in contrast, no one had agreed to the fifteen-year statutory maximum noted by Wilson in his plea petition. The petition was not joined in by the State, was submitted unilaterally to the court by Wilson, and was signed only by Wilson and his lawyer. At the plea colloquy, all parties discussed habitualization and understood that the State was seeking habitualization. No mention was made of the fifteen-year limit. In fact, no limits whatsoever were discussed or agreed to.
Under these circumstances it would be unfair to the State to remand for resentencing within the terms of Wilson's plea petition. Allowing Wilson to withdraw his plea, on the other hand, prejudices no one  it returns the players to square one, the same position they were in before the court erred.
Accordingly, we vacate the habitual offender sentence and remand for resentencing. At resentencing, Wilson should be given the opportunity to withdraw his plea and proceed to trial if he so desires. Should he plead nolo or guilty, the court may in its discretion sentence him under the guidelines or impose an habitual offender term if the requirements of section 775.084, Florida Statutes (1993), and Ashley are met.
We quash Wilson.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The sentencing guidelines called for a recommended range of twelve to seventeen years, and a permitted range of nine to twenty-two years.