ON MOTION FOR REHEARING

PER CURIAM.
We deny the state’s motion for rehearing. However, in light of the recent opinion of the supreme court in State v. Wilson, 658 So.2d 521 (Fla.1995), quashing this court’s opinion in that case, 645 So.2d 1042 (Fla. 4th DCA 1994), we hereby withdraw our previous opinion of June 21, 1995 and substitute the following.
We reverse appellant’s habitual offender sentence due to noncompliance with the requirements of Ashley v. State, 614 So.2d 486 (Fla.1993). In conformance with the supreme court’s explanation in Wilson of its reasoning in Ashley for not allowing the state an attempt on remand to habitualize the defendant, the facts in the instant case require that we instruct the trial court to sentence appellant to a maximum of five years as indicated in his plea agreement. See Wilson, 658 So.2d at 522. Additionally, since the trial court failed to follow our prior mandate, we again direct the trial court to vacate appellant’s conviction and sentence for driving with a suspended license. See Neal v. State, 636 So.2d 197 (Fla. 4th DCA 1994).
REVERSED and REMANDED.
DELL, KLEIN and PARIENTE, JJ., concur.