667 So.2d 969 (1996)
Charles J. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2598.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
*970 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant was granted leave to file a belated appeal and contends in that appeal that his habitual offender sentences were entered without compliance with Ashley v. State, 614 So.2d 486 (Fla.1993). We agree and reverse.
In the fall of 1991, appellant proffered a plea of guilty to the court on the charges against him. At the time of the plea, the state had filed a notice of intent to seek habitual offender status for appellant in case no. 91-6712CF10 (burglary of a dwelling), but the state concedes it did not file a notice of intent to habitualize in case no. 91-5798CF10 (dealing in stolen property). The court accepted appellant's pleas of guilty, but did not inform appellant of the reasonable consequences of habitualization. At the sentencing hearing the state pressed for habitual offender sentences in both cases, informing the trial court that it had filed written notices as to each case. The trial court sentenced appellant as a habitual offender in each case and entered concurrent sentences of 22 years in prison.
In September of 1993, appellant moved pro se for post-conviction relief, claiming that his trial counsel had failed to file an appeal on his behalf as he had requested. Rather than have the trial court conduct a hearing on the issue, the state agreed to a belated appeal, giving rise to the instant case.
Pursuant to Ashley, in order to habitualize a defendant, prior to acceptance of a plea the defendant must be given written notice of the state's intent to habitualize and the trial court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. In the instant case, there was no notice of the state's intent to seek habitual offender status in case no. 91-5798CF10 either prior *971 to or at the plea hearing. Thus, on remand the defendant must be sentenced without habitual offender status in case no. 91-5798CF10.
As to case no. 91-6712CF10, while a written notice of intent to seek habitual offender status was filed, the trial court failed to inform the appellant of the consequences of habitualization. In accordance with State v. Wilson, 658 So.2d 521 (Fla.1995), we remand with instructions that appellant must be allowed to withdraw his plea and proceed to trial. Should he elect to enter into a plea agreement, the court has discretion to impose a habitual offender sentence upon him once the requirements of Ashley are met.
Appellant has received the benefit of a change in law by not pursuing the timely appeal from his conviction and sentence. We apply the general rule that appellate courts decide the case in accordance with the law as it exists at the time of the appellate decision. Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla.1985). This rule has been applied to belated appeals. Evans v. State, 582 So.2d 122 (Fla. 3d DCA 1991); Junco v. State, 510 So.2d 909 (Fla. 3d DCA), rev. denied, 518 So.2d 1276 (Fla.1987). While we question its propriety in cases of a belated appeal, especially one which is not brought until after the favorable case law change has been announced, we are bound by supreme court precedent. We also suggest that the time for bringing a claim for ineffectiveness based on trial counsel's failure to appeal should be even more limited than a routine motion for ineffectiveness pursuant to Florida Rule of Criminal Procedure 3.850. If a defendant asks trial counsel to appeal, the defendant can readily ascertain from the court clerk whether an appeal has been filed. It should not take two years to discover and bring to the court's attention this dereliction of trial counsel's duty. Moreover, a defendant should not be allowed to sit back and await a favorable change in the law before claiming a right to appeal, as the appellant did here.
Reversed and remanded for further proceedings.
SHAHOOD, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I agree with the majority on the merits of the case, but abstain from their expressed concerns as to the policy matters beyond the issues.