PER CURIAM.
Asserting that this Court must vacate his habitual felony offender sentence which was imposed on count I in Case No. 95-805-CF after the appellant changed his plea to guilty,[1] appellant contends that the trial court violated the dictates of Ashley v. State, 614 So.2d 486 (Fla.1993). We affirm.
In Ashley, our supreme court held that in order for a defendant to be habitual-ized following a guilty plea, prior to accepting that plea two requirements must be satisfied on the face of the record. First, the defendant must be given written notice of intent to habitualize, and second, the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Id. at 490. As to the second Ashley requirement, in a footnote the court stated that the defendant should be told of the eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent felony offender provisions are implicated, the mandatory minimum term. Id. at 490 n. 8; See also State v. Wilson, 658 So.2d 521, 522 (Fla.1995).
In the present case, appellant concedes that the first Ashley requirement was met. According to appellant, the second requirement of Ashley was not met because the trial court failed to confirm that he was personally aware that habitualization may affect the possibility of early release through *953 certain programs. Based upon our review of the face of the appellate record, we disagree.
At the change of plea hearing, the following exchange took place:
Court: How old are you?
Defendant: Thirty years old.
Court: Okay, so you’ll be in prison with broken teeth, assuming you survive till you’re seventy, less — I don’t know, you’ll probably do a good eighty six percent, maybe a hundred percent, of your prison term because the people of the State of Florida are fed up with habitual felony offenders. Do you understand me?
Defendant: Yes ma’am.
[[Image here]]
Court: If the judge sentences according to the score sheet, yes, three years in prison. If the judge sentences you as a habitual felony offender, you’re facing thirty plus ten, which is forty. Do you understand me?
Defendant: Yes, ma’am
Court: And one of the exceptions is, you’re a habitual felony offender. And that lets the judge depart up or basically throw out the score sheet and give you twice the maximum, or whatever other alternative is presented, from zero, or time served, all the way up to the forty years. Do you understand me?
Defendant: Yes, ma’am.
(emphasis supplied).
On this record, the only conclusion that we can reach is that when the trial court informed the appellant that as a consequence of habitualization he may serve 100% of his sentence, and the appellant affirmed his understanding of same, the second requirement of Ashley was satisfied. Logic dictates that when the appellant was informed by the trial court that he may serve 100% of his sentence, he was effectively informed that habit-ualization may affect the possibility of his early release through certain programs. See Ashley, 614 So.2d at 490 n. 8; Wilson, 658 So.2d at 522. We therefore affirm the habitual felony offender sentence imposed for count I in Case No. 95-805-CF.
AFFIRMED.
GUNTHER, C.J., and WARNER and FARMER, JJ., concur.

. After pleading guilty in Case No. 95-805-CF, appellant was sentenced as a habitual felony offender to 30 years less credit for time served for count I — burglary of a dwelling, and to time served on count II — petit theft. Although appellant was also sentenced in Case No. 93-10896, he does not challenge that sentence on appeal.