677 So.2d 961 (1996)
Darwin D. PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4497.
District Court of Appeal of Florida, First District.
August 6, 1996.
Rehearing Denied August 28, 1996.
Darwin D. Patterson, pro se, for Appellant.
No appearance for Appellee.
PER CURIAM.
Darwin D. Patterson (Patterson) appeals the summary denial of his pro se motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Patterson filed the instant motion for postconviction relief, his first, on February 15, 1995. Patterson pleaded no contest to grand theft auto; he committed this crime sometime in December 1993, in Escambia County. Patterson was sentenced on April 27, 1994, as an habitual offender, to seven and one-half years in prison; he did not directly appeal. The instant motion thus is timely. Fla. R.Crim. P. 3.850(b).
Patterson alleges that he did not know the "exact collateral consequences of the habitual offender sentence," specifically, that "he would lose gain time." The Florida Supreme Court tells us that, where the sentencing court fails "to confirm that [the defendant] knew of the maximum habitual offender term for the charged offense and that he could be ineligible for certain programs affecting early release," a defendant pleading nolo contendere cannot be designated an habitual offender. State v. Wilson, 658 So.2d 521, 522 (Fla.1995). Nothing in the record before us shows that Patterson knew that he would be ineligible for gain time as a result of his plea.
Patterson next maintains that he should be sentenced pursuant to the guidelines. This argument is without merit. Id. The State never agreed to the sentence imposed upon Patterson, and all parties understood that the State was seeking habitualization. The Wilson court tells us:
Under these circumstances it would be unfair to the State to remand for resentencing within the terms of [the defendant]'s plea petition. Allowing [the defendant] *962 to withdraw his plea, on the other hand, prejudices no oneit returns the players to square one, the same position they were in before the court erred.
Id. at 523.
We therefore vacate the habitual offender sentence and remand for resentencing. Patterson, at resentencing, should be given the opportunity to withdraw his plea and proceed to trial if he so desires. Should he plead nolo or guilty, the court may in its discretion sentence him under the guidelines or impose an habitual offender term so long as the requirements of Wilson are met.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.