PER CURIAM.
Defendant appeals the summary denial of his motion for post-conviction relief which alleges that he was not given notice of the state’s intent to seek habitual offender status at the time of his plea. The state filed a copy of its November 3, 1994 notice of intent to seek habitual offender sentence. That notice does not resolve the question of whether defendant, as opposed to his lawyer, knew of the state’s intent. This court has interpreted Ashley v. State, 614 So.2d 486 (Fla.1993), as requiring that before accepting a guilty or no contest plea, a trial court must make certain that the defendant is personally aware of both the possibility of habituali-zation and the sentencing consequences of habitual offender status; it is not enough that defense counsel be informed of the state’s intent. Hyde v.State, 673 So.2d 952 (Fla. 4th DCA 1996); Brown v. State, 670 So.2d 1113 (Fla. 4th DCA 1996); Gilbert v. State, 667 So.2d 969 (Fla. 4th DCA 1996). In Fountain v. State, 626 So.2d 1119 (Fla. 4th DCA 1993), we held that a failure to comply with Ashley may be raised in a rule 3.850 motion.
We reverse and remand for an evidentiary hearing or for attachment of record excerpts that conclusively disprove defendant’s claim that he did not have personal knowledge of the state’s intent to seek habitual offender status at the time he entered his no contest plea on February 14,1995.
STONE, PARIENTE and GROSS, JJ., concur.