PER CURIAM.
Appellant was sentenced as a habitual violent felony offender after pleading guilty to armed burglary and aggravated battery. Because Appellant had no notice that the state would seek to have him declared a habitual offender, we reverse the sentence and remand for resentencing without habitual offender status.
Appellant entered an open plea on the date set for trial; the trial court accepted the plea after verifying that Appellant understood the sentencing guidelines range. Thereafter, but prior to the sentencing hearing, the state filed a notice of its intention to seek enhanced penalty pursuant to section 775.084, Florida Statutes. At various hearings which followed, the trial court repeatedly offered Appellant the option of withdrawing his plea, but he refused, requesting a guidelines sentence on the basis of Ashley v. State, 614 So.2d 486 (Fla.1993).
Section 775.084(3)(b), Florida Statutes (1993),[1] required written notice of the intent to habitualize to be served on the defendant prior to the entry of a plea, and Florida Rule of Criminal Procedure 3.172(c)(1) requires the trial judge, in determining the voluntariness of a plea before accepting it, to determine that the defendant understands the maximum possible penalty and any mandatory minimum penalty. In light of these provisions, the supreme court in Ashley held that a defendant who pleads guilty or nolo conten-dere must be given written notice of intent to habitualize, and the court must confirm the defendant’s awareness of the possible consequences of habitualization, such as the maximum term and mandatory minimum, prior to the trial court’s acceptance of the plea. 614 So.2d at 490. As neither requirement had been satisfied before the trial court accepted Ashley’s nolo contendere plea, he could not be given a habitual offender sentence, and the court remanded for imposition of a guidelines or departure sentence. Id. at 491.
The state relies on State v. Wilson, 658 So.2d 521 (Fla.1995), in which the defendant had notice of habitualization at the time his nolo contendere plea was accepted. There, the court confirmed that Wilson understood the state was seeking an enhanced penalty for habitual offender status, but failed to confirm he knew the maximum term. The supreme court quashed this court’s decision to require resentencing within the provisions of the plea. It distinguished the case from Ashley both because the defendant had notice that the state sought habitualization and because the state had not joined in the defendant’s unilateral plea petition. Instead, on remand for resentencing, the court directed that Wilson be given an opportunity to withdraw his plea, or be sentenced, in the court’s discretion, either under the guidelines or as a habitual offender. The court noted this remedy would return all the parties to the positions they occupied when the trial court erred. Id. at 523.
In the instant case, because Appellant had no notice the state would seek to habitualize him prior to the acceptance of his plea, Wilson does not apply, and Ashley requires that Appellant be sentenced on remand without habitual offender status. Gilbert v. State, 667 So.2d 969 (Fla. 4th DCA 1996) (reversing sentences following open pleas in two separate cases for Ashley violations; directing that defendant be permitted to withdraw his plea where defendant had prior notice of state’s intention to habitualize, but directing he be resenteneed without habitualization in case in which defendant had no prior notice).
GUNTHER, C.J., and GROSS, J„ concur.
STONE, J., concurs specially with opinion.

. That provision now appears as section 775.084(3)(a)2, Florida Statutes (1995).