682 So.2d 647 (1996)
David L. HORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-795.
District Court of Appeal of Florida, First District.
November 5, 1996.
*648 David L. Horton, Immokalee, Pro Se.
Robert A. Butterworth, Attorney General, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief was denied. Because we conclude that relief should be granted as to the claim that relies upon Ashley v. State, 614 So.2d 486 (Fla. 1993), we reverse the order to the extent that it reflects a denial of the Ashley claim. We conclude that we are precluded by Wild v. Dozier, 672 So.2d 16 (Fla.1996), from addressing the trial judge's ruling on the appellant's claim that the trial judge, a county judge, was improperly assigned to the circuit court.
The appellant pled nolo contendere to two criminal offenses based upon an agreement that he would receive a ten year habitual felony offender sentence. Before sentencing, he moved to withdraw his plea because he had not been informed that he would be ineligible for certain gain time as a habitual felony offender. The trial judge denied the motion and imposed the ten year habitual felony offender sentence. The appellant argued on appeal that his plea had been involuntary because he had not been informed of the collateral gain time consequences of his plea, as specified in footnote eight of the Ashley opinion. We rejected the appellant's argument, reasoning that the footnote language was merely aspirational. Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995). Subsequently, the supreme court clarified and reiterated its statements in the Ashley footnote, specifically holding that a trial judge erred in "fail[ing] to confirm that [the defendant] knew of the maximum habitual offender term for the charged offense and that he could be ineligible for certain programs affecting early release." State v. Wilson, 658 So.2d 521, 522 (Fla.1995) (emphasis supplied).
In light of Wilson, the appellant is entitled to relief as to the Ashley claim. Because the Ashley issue was decided against the appellant in his direct appeal, the holding in Horton would ordinarily be the law of the case and would bar consideration of the issue in a collateral proceeding. But there is an exception to this rule:
[A]n appellate court does have the power to reconsider and correct erroneous rulings notwithstanding that such rulings have become the law of the case. Reconsideration is warranted only in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.
Preston v. State, 444 So.2d 939, 942 (Fla. 1984) (citation omitted). This case warrants relief under the exception. The appellant promptly moved to withdraw his plea and made the correct arguments to the trial judge. He likewise made the correct arguments on appeal. And it is now apparent that Horton was wrongly decided. In Wilson, the supreme court made it clear that the Ashley footnote had expressed an essential prerequisite to acceptance of a habitual felony offender sentence. Under these circumstances it would be manifestly unfair to refuse to grant relief based upon the law of the case doctrine. See Preston; Harmon v. State, 547 So.2d 1027 (Fla. 1st DCA 1989), rev. denied, 554 So.2d 1168 (Fla.1989); Young v. State, 503 So.2d 1360 (Fla. 1st DCA 1987). We accordingly reverse the order to the extent that it reflects a denial of the Ashley claim, and we remand this case to the trial court to allow the appellant to withdraw his plea.
*649 We do not address the appellant's claim that the trial judge, a county judge, was not properly assigned to serve as a circuit judge. The supreme court has exclusive jurisdiction to review trial court rulings on such claims. See Wild v. Dozier. And, in light of our disposition of the Ashley claim, we do not address the trial court's rulings on additional claims presented by the appellant.
WEBSTER and LAWRENCE, JJ., concur.