691 So.2d 484 (1997)
Jeffrey W. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4287.
District Court of Appeal of Florida, Fourth District.
January 15, 1997.
Rehearing and Clarification Denied April 28, 1997.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
*485 Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
PER CURIAM.
In this direct appeal, Appellant challenges his conviction and sentence entered on his nolo contendere plea. Since Williams is directly appealing from his nolo contendere plea, we must dismiss this action pursuant to Florida Rule of Appellate Procedure 9.140(b).
Appellant claims that his conviction and habitual offender sentence must be reversed because of the trial court's failure to comply with the provisions set forth in Ashley v. State, 614 So.2d 486 (Fla.1993). We recognize that precedent exists in the Fourth District that implies this Court will entertain a direct appeal on an alleged Ashley violation where the defendant has pled guilty or nolo contendere. See Carridine v. State, 680 So.2d 1059 (Fla. 4th DCA 1996); Hyde v. State, 673 So.2d 952 (Fla. 4th DCA 1996); Brown v. State, 670 So.2d 1113 (Fla. 4th DCA 1996); Gilbert v. State, 667 So.2d 969(Fla. 4th DCA 1996). However, to the extent that these decisions stand for such a proposition, we recede and adopt the procedure set forth in Rule 9.140(b) and section 924.06(3), Florida Statutes (1995).
Even in matters involving alleged Ashley violations, a defendant is precluded from bringing a direct appeal when judgment has been entered on a plea of guilty or nolo contendere. A defendant may not appeal from a judgment entered on his guilty plea or from a judgment "entered on a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved." Fla. R.App. P. 9.140(b).
In the instant case, since Appellant has not expressly reserved the right to direct appeal, he may obtain review only by collateral attack. § 924.06(3); see Robinson v. State, 373 So.2d 898, 901-02 (Fla.1979); Norman v. State, 634 So.2d 212, 213 (Fla. 4th DCA 1994). Accordingly, we dismiss this appeal without prejudice to Appellant's right to withdraw his plea in the trial court. See id.
DISMISSED.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.