687 So.2d 919 (1997)
Terry COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00386.
District Court of Appeal of Florida, Second District.
January 31, 1997.
Rehearing Denied February 13, 1997.
*920 Brian J. Donerly, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant raises eight issues in this appeal from convictions and sentences for twenty-five counts of various crimes arising from a series of three robberies, two of Pizza Huts in East Tampa and Brandon, and one of a Wendy's in Brandon.[1] After careful consideration of the facts and law raised in each issue, we find merit in only two. The state properly conceded the errors in these two issues.
The appellant committed each robbery while armed. In each case the trial court adjudicated the appellant guilty of armed robbery and grand theft based on the taking of the same property. This was error under Sirmons v. State, 634 So.2d 153 (Fla. 1994), and Gonzalez v. State, 648 So.2d 1221 (Fla. 2d DCA 1995). Accordingly, the convictions for each count of grand theft in the underlying cases must be stricken. Striking these three convictions does not affect the appellant's sentencing range so no resentencing is necessary based on this error.
In sentencing the appellant for the Wendy's robbery, after proper notice by the state of intent to seek sentencing enhancement under section 775.084, Florida Statutes (1993), the trial court imposed habitualized sentences. The state concedes that this was error because in sentencing the appellant the trial court failed to fulfill the second prong of Ashley v. State, 614 So.2d 486 (Fla.1993), that the appellant be personally aware of the consequences of pleading when habitualization was a possibility. We therefore reverse the sentences in Circuit Court Case No. 93-12700 and remand it to the trial court to allow the appellant to withdraw his plea. Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993). Should the appellant plead nolo or guilty, the trial court may in its discretion resentence him under the guidelines or impose a habitual offender term if the requirements of section 775.084 and Ashley are met. State v. Jefferson, 665 So.2d 1057 (Fla.1996); State v. Washington, 657 So.2d 1156 (Fla. 1995); State v. Wilson, 658 So.2d 521 (Fla. 1995).
*921 In summary, we affirm all convictions except for the grand theft in each of the three underlying cases which shall be stricken on remand. We affirm the sentences imposed for the crimes in the East Tampa and Brandon Pizza Hut robberies but reverse the sentences for the crimes stemming from the robbery of the Wendy's Restaurant which we reverse and remand for further proceedings as outlined above.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.
NOTES
[1] The underlying cases are Circuit Court Cases No. 93-12699 (the Brandon Pizza Hut robbery), No. 93-12700 (the Wendy's robbery), and No. 93-12635 (the East Tampa Pizza Hut robbery).