687 So.2d 327 (1997)
Eugene M. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3411.
District Court of Appeal of Florida, First District.
February 4, 1997.
*328 Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, convicted by a jury of lewd and lascivious assault upon a child of less than sixteen years of age (section 800.04(1), Florida Statutes), raises two issues on appeal. We find merit in one, and accordingly reverse.
The 13-year-old victim was staying the night at her aunt's four-bedroom apartment. She accused appellant, also a house guest, of entering her room, lying in bed with her, and touching her genitals with his finger. She said she got out of the bed, went into another room, and got into bed with her aunt. Appellant said he got into bed with the victim (there being no other beds available), but that he did not know it was the victim, and went to sleep. He denied having touched her.
Prior to trial, appellant sought to suppress a statement appellant purportedly made to the victim's aunt, Cynthia Rhodes, shortly prior to the incident. Ms. Rhodes said she and appellant were discussing sex and young girls, and that appellant commented: "If you're old enough to bleed, you're old enough to breed." The trial court denied the defense's motion, and Ms. Rhodes testified to the statement at trial. It was error to admit this testimony.
This issue is governed by section 90.404(1), Florida Statutes,[1] which states, in pertinent part:
CHARACTER EVIDENCE GENERALLY. Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except
(a) Character of accused. Evidence of a pertinent trait of his character offered by an accused or by the prosecution to rebut the trait.
Under the Evidence Code, unless the accused puts his character in issue (which did not happen in this instance), the State may not introduce evidence pertaining thereto. In this case, the statement was evidence *329 presented by the prosecution of the defendant's bad character to show that he acted in conformity with that bad character at a particular time.[2]
It is clear from the record that the State offered the statement solely to show that appellant is the sort of person who would molest a 13-year-old girl. At the suppression hearing, the prosecutor argued that the statement was relevant because it showed appellant "was willing to commit this kind of crime, and that's exactly what he did just a short time after he made the statement." During his closing argument, the prosecutor told the jury the statement "means that he feels like it's all right to have sex with underage girls."[3]
Thus, it was error to admit the statement. We reject the State's argument that in light of the great evidence of guilt, the error is harmless. The testimony at trial may be summarized as follows:
The victim testified that a few days prior to the incident, appellant laid down on top of her, pulled her arms back and said, "You going to be my girlfriend?" A friend who witnessed that incident said appellant touched the victim's face, as well, but that he had a joking manner, and remembered his words as "Is there anybody else besides me?" Ms. Rhodes testified that on the night of the crime the victim came into her room and appeared upset, but said nothing about the incident until the next day. She further testified that she, the victim and another aunt confronted appellant, who at first denied touching the victim and then said, "Well, I might have did it. If I did it I was asleep, you know, and I'm sorry." Appellant, as noted above, denied having touched the victim. He also denied making the statement regarding young girls and denied making the purported admission to the victim and her aunts.
We are unable to conclude upon this record, especially considering the manner in which the statement was argued to the jury, that the error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We do not address appellant's other issue, that the proceedings were illegal because they were presided over by a county judge acting pursuant to an administrative order that assigned county judges in the circuit to aid circuit judges. The supreme court has exclusive jurisdiction to review such claims. See Wild v. Dozier, 672 So.2d 16 (Fla.1996); Horton v. State, 682 So.2d 647 (Fla. 1st DCA 1996).
Reversed and remanded for new trial.
MINER, WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] It is worth noting that this is not "Williams Rule" evidence under Williams v. State, 110 So.2d 654 (Fla.), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) and section 90.404(2), Florida Statutes. The statement here is one of belief, and does not involve past behavior, in the form of other crimes, wrongs or acts.
[2] Had character been an issue, the State could only have rebutted the appellant's claim by reputation evidence. § 90.405, Fla.Stat.
[3] The State argued that the testimony was relevant to show the appellant's "state of mind," and relied upon Jones v. State, 440 So.2d 570 (Fla. 1983) and section 90.803(3)(a), Florida Statutes. These authorities are inapposite because they address hearsay, rather than character evidence. The "state of mind" exception to the hearsay rule does not apply to make otherwise improper character evidence admissible.