THREADGILL, Chief Judge.
The appellant, Timothy David Gilmore, challenges his judgment and sentence for being a felon in possession of a firearm. He contends that his no contest plea was not voluntarily entered, because the trial court erroneously failed to apprise him of the consequences of the habitual offender sentence imposed pursuant to his plea. We agree and reverse.
The record shows that, before acceptance of his plea, Gilmore was properly noticed of the state’s intention to seek habitualization and was also properly apprised of the maximum habitual offender term that could be imposed. See Ashley v. State, 614 So.2d 486 (Fla.1993). The trial court, however, failed to confirm that Gilmore was also aware that a habitual offender sentence could render him “ineligible for certain programs affecting early release.” See State v. Wilson, 658 So.2d 521, 522 (Fla.1995). For that reason, we vacate Gilmore’s habitual offender sentence and remand this cause to the trial court to afford Gilmore an opportunity to withdraw his plea and proceed to trial. Id. at 523. Should he once again decide to plead guilty or no contest, then the trial court, in its discretion, may “sentence him under the guidelines or impose an habitual offender term if the requirements of section 775.084, Florida Statutes (1993), and Ashley are met.” Wilson, 658 So.2d at 523.
As to Gilmore’s additional challenge to certain court costs, we note that all costs imposed in this instance were mandatory, with the exception of the $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), which is a discretionary cost requiring oral pronouncement. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). On remand, all costs may be reimposed, including the foregoing $2 cost, provided the trial court orally pronounces that discretionary cost and recites the statutory basis for that and all other mandatory costs. Id.
Based on the foregoing, Gilmore’s habitual offender sentence is vacated and the cause remanded for further proceedings.
QUINCE and NORTHCUTT, JJ., concur.