FRANK, Judge.
Russell Davis appeals from his judgment and sentence for armed burglary and grand theft entered following his no contest plea. We reverse. The trial court failed to advise Davis of the consequences of a habitual offender sentence prior to accepting his plea. See Ashley v. State, 614 So.2d 486 (Fla.1993).
Accordingly, we reverse the judgment and sentence. On remand, Davis must be allowed to withdraw his plea and proceed to trial. See State v. Wilson, 658 So.2d 521 (Fla.1995); Collins v. State, 687 So.2d 919 (Fla. 2d DCA 1997). If Davis again elects to enter a plea agreement, the trial court may in its discretion sentence Davis under the guidelines or sentence him as a habitual offender once the requirements of Ashley[1] are met. See Wilson; Collins.
Reversed.
CAMPBELL, A.C.J., and PATTERSON, J., concur.

. According to Ashley, prior to acceptance of a defendant’s plea: "(1) The defendant must be given written notice of intent to habitualize, and (2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." Ashley, 614 So.2d at 490. With respect to complying with the second requirement in Ashley, we direct the trial court's attention to footnote 8 of the opinion.