PER CURIAM.
Billy Glover was charged with ten counts related to three distinct burglaries and the state filed a notice of intent to seek enhanced penalties pursuant to section 775.084, Florida Statutes. On November 4,1996, Glover’s no contest plea was accepted by the court and the state, Glover, and the court all agreed Glover could “get sentenced up to thirty years.” One month before Glover’s sentencing the state sent a letter to the trial court, copying Glover’s counsel, in which it noted Glover qualified as a violent career criminal under section 775.084(l)(e), Florida Statutes. It noted the maximum penalty announced at the plea colloquy was incorrect, and in fact Glover faced a maximum sentence of forty years with a thirty year minimum mandatory-
The state recognized its initial error in computing Glover’s sentence rendered his plea suspect, and requested the court inform Glover of the correct maximum and minimum mandatory penalties, affording Glover the opportunity to withdraw his plea. At sentencing the court found Glover met the requirements of a violent career criminal and gave Glover the opportunity to withdraw his plea. Glover announced his decision to decline the court’s offer and proceed to sentencing, stating he would reserve his objection for appeal.
Undoubtedly an Ashley[1] violation occurred in this case. However, the error made during the plea colloquy was detected by the state one month prior to sentencing and the court afforded Glover ample opportunity to withdraw his plea. Glover declined to do so. In Williams v. State, 691 So.2d 484, 485 (Fla. 4th DCA 1997) (en banc), we held that “Even in matters involving alleged Ashley violations, a defendant is precluded from bringing *562 a direct appeal when judgment has been entered on a plea of guilty or nolo contende-re.” Williams, 691 So.2d at 485. Because that is what occurred here, without Glover’s moving to withdraw his plea before bringing this appeal, we dismiss without prejudice to his moving in the trial court to withdraw the plea.
GLICKSTEIN, GUNTHER and POLEN, JJ., concur.

. Ashley v. State, 614 So.2d 486 (Fla.1993).