703 So.2d 1207 (1997)
Curtis James GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2858.
District Court of Appeal of Florida, First District.
December 31, 1997.
No brief filed for Appellant.
No brief filed for Appellee.
MICKLE, Judge.
Curtis J. Golden appeals an order summarily denying his Fla. R.Crim. P. 3.850 motion for post-conviction relief. Given the three grounds for relief alleged in the motion, we find the second and third are without merit, and we affirm the denial of those two claims without further discussion. However, because the appellant's first claim is controlled by State v. Wilson, 658 So.2d 521, 522-23 (Fla.1995) (defendant pleading nolo contendere would not be designated habitual offender, where sentencing court failed to confirm that he knew of maximum habitual offender term and that he knew of his ineligibility for certain programs affecting early release); Horton v. State, 682 So.2d 647, 648 (Fla. 1st DCA 1996); and Patterson v. State, 677 So.2d 961 (Fla. 1st DCA 1996), we are constrained to reverse the order as to Ground One. We remand the cause to the trial court for attachment of portions of the record that conclusively refute the allegations in the first claim, or, if no such parts of the record are found, to conduct further proceedings in accordance with the procedures set forth in Wilson and its progeny.
Taking the unrebutted allegations in the sworn motion to be true, as we must pursuant to Harich v. State, 484 So.2d 1239 (Fla. 1986), we find that the appellant was arrested in November 1994 and charged with armed burglary of a dwelling (a first-degree felony) and grand theft (a third-degree felony). He entered a May 1995 written plea of nolo contendere to both of these offenses as charged. The written plea was entered with the understanding that on the first count the state would recommend no more than a 20-year sentence, with a 15-year minimum mandatory provision based on the appellant's classification as an habitual violent felony offender ("HVFO") pursuant to section 775.084(4)(b)1, Florida Statutes (1993). On the grand theft count, the state would recommend no more than a concurrent 10-year sentence, with a concurrent 5-year minimum mandatory provision under the HVFO statute. § 775.084(4)(b)3. Thus, notice of the state's intent to seek habitualization is not at issue. The trial court adjudicated the appellant guilty, classified him as an HVFO, and sentenced him to concurrent terms of 15 years and 5 years for the respective offenses.
Ground One alleged that trial counsel was ineffective, and that the trial court erred, for failing to inquire whether the appellant understood "the significance and reasonable *1208 consequences" of habitualization, e.g., what the maximum possible penalty provided by law was, and that classification as an HVFO would result in his statutory ineligibility for certain gain-time and early-release credits. § 775.084(4)(e), Fla. Stat. The motion claimed that if the trial court and the lawyers had engaged in a proper inquiry at the plea hearing in accordance with Fla. R.Crim. P. 3.172 (requiring the trial court, with the assistance of the attorneys, to determine the defendant's understanding of, and the voluntariness of, the plea before acceptance thereof), then the appellant would not have entered his plea and would have proceeded instead to trial.
The first claim set forth a facially sufficient claim for relief under rule 3.850. Wilson, 658 So.2d at 521; Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993) ("The defendant should be told ... the fact that habitualization may affect the possibility of early release through certain programs, ..."); Horton, 682 So.2d at 647; Patterson, 677 So.2d at 961 (where sentencing court fails to confirm that defendant knew of maximum habitual offender term for charged offense and that he could be ineligible for certain programs affecting early release, defendant pleading nolo contendere could not be designated an habitual offender).
Relying on Ashley and State v. Blackwell, 661 So.2d 282 (Fla.1995), the trial court attached to its order a copy of the arrest report, the sentencing guidelines scoresheet, one page of the written plea agreement, and the transcript of the plea hearing. According to the order, the appellant had signed the plea agreement, including written notification that habitualization "may affect the possibility of early release." However, nothing in the single page of the written plea agreement (which appears to be incomplete in the absence of a page with either the purported notification or the appellant's signature) conclusively refutes the claims that the appellant was not advised of the maximum possible penalty provided by law or of his ineligibility for certain programs affecting early release. Likewise, the plea colloquy did not address either the maximum possible penalty or the effect of habitualization upon eligibility for early release. In contrast, the defendants in Blackwell were informed of "the possibility and consequences of habitualization" via the express provisions in their written plea agreements, and before accepting their pleas, the trial court discussed the pleas with Blackwell and the other defendants. 661 So.2d at 283-84.
On remand, the trial court is directed to attach the entire written plea agreement (including the purported signed notification that habitualization may affect early release) and any other portions of the record that conclusively refute the valid allegations. If no such portions of the record are found, then the reasoning and procedures set forth in Wilson and Patterson apply and the appellant's HVFO sentence must be vacated and the cause set for resentencing. At resentencing, the appellant would be given the opportunity to withdraw his plea and to proceed to trial if that is his wish. If the appellant pleads nolo contendere or guilty, then the trial court may exercise its discretion to sentence him under the guidelines or to impose an enhanced term pursuant to section 775.084 so long as the requirements of Wilson and Patterson are met.
AFFIRMING in part, REVERSING in part, and REMANDING for attachments or further proceedings.
LAWRENCE and PADOVANO, JJ., concur.