BROWNING, J.
Two grounds are argued in this appeal from an order of the trial court denying ■ Appellant’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850 seeking post-conviction relief. The grounds are that the trial court failed to properly advise Appellant of the elements of the offenses to which he pled, and that the trial court failed to properly inform Appellant, that as a result of his plea, he would be precluded from accruing statutory gain time, or provisional credits in state prison as authorized under section 944.275-.278, Florida Statutes (1993). We affirm on the first ground and reverse on the second ground and remand the cause to the trial court for attachment of portions of the record that conclusively refute the allegations of the second ground, or, if no such portions of the records exist, to conduct further proceedings consistent with this opinion.
On May 4, 1993, Appellant entered into a plea agreement whereby he plead no contest to three counts of robbery with a firearm, a first-degree felony. The plea was entered with the understanding that Appellant would serve thirty years in the state prison system on each of the three counts to run concurrently with a fifteen-year minimum mandatory provision based upon Appellant’s classification as a habitu *557 al violent felony offender (“HVFO”) pursuant to section 775.084, Florida Statutes (1993).
The trial court correctly addressed the first ground by attaching to his order those parts of the record that conclusively show that Appellant is not entitled to the relief requested. The transcript of the plea colloquy attached to the trial court’s order denying Appellant’s motion for post-conviction relief reveals that Appellant was told that all three counts of armed robbery carried a maximum sentence of life imprisonment; that no one had used threats or pressure to make Appellant plea; that he signed the written plea agreement; and that he understood what he was signing, and understood all of the rights, responsibilities and privileges that he was waiving by pleading. Accordingly, we find that Appellant’s plea was freely, intelligently, and voluntarily, entered, and the trial court is affirmed on this ground. Harich v. State, 484 So.2d 1239 (Fla.1986).
Ground II alleged that the trial court erred for failing to inquire whether Appellant understood, and to advise him, that as a direct consequence of pleading to a HVFO status, he would be statutorily ineligible for certain gain time and early release credits. This ground states a facially sufficient claim for relief under Florida Rule of Criminal Procedure 3.850. The record below must show that Appellant was told that habitualization may affect the possibility of early release through certain programs. Golden v. State, 703 So.2d 1207 (Fla. 1st DCA 1997). The trial court attached to its order a copy of the notice of intent to habitualize dated June 14, 1993; a transcript of the plea colloquy of May 6, 1993; the written plea agreement signed by Appellant and dated May 4, 1993; and the transcript of the plea colloquy conducted on August 12, 1994, which purported to demonstrate conclusively that Appellant was not entitled to relief. However, there is nothing in the attachments that conclusively refutes the claim that Appellant was not advised of his ineligibility for certain programs affecting early release from the state prison system. This was error, and accordingly, we reverse on this ground.
On remand, the trial court is directed to attach any omitted portions of the record that conclusively refute Appellant’s allegations that he was not advised of his ineligibility for programs affecting early release from the state prison system. If no such portions of the record are found, Appellant’s HVFO’s sentence must be vacated and the cause set for resentencing. At resentencing Appellant shall be given the opportunity to withdraw his plea and to proceed to trial, if that is his wish. If Appellant pleads nolo contendere or guilty, then the trial court may exercise its discretion to sentence him under the guidelines or impose an enhanced term pursuant to section 775.084, Florida Statutes, so long as the requirements of State v. Wilson, 658 So.2d 521 (Fla. 1995), and Patterson v. State, 677 So.2d 961 (Fla. 1st DCA 1996), are met.
AFFIRMING in part, REVERSING in part, and REMANDING for attachments or further proceedings.
BARFIELD, C.J., and LAWRENCE, JJ., CONCUR.