PER CURIAM.
The appellant has appealed, for the third time, the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant’s allegations regarding the trial court’s failure to inform him of the collateral consequences of his habitual *1173 offender sentencing are neither refuted by the record nor successive, we reverse and remand for an evidentiary hearing on whether or not the trial court conformed to the requirements of Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993), in taking his plea in case number 93-664.
On September 29, 1993, a jury found the appellant guilty of selling a controlled substance in case number 93-663. After the jury returned its verdict, the appellant entered a nolo contendere plea in case number 93-664. However, the appellant did not appear for his sentencing hearing, and the tidal court sentenced him in absentia to 15 years in prison as a habitual felony offender. On August 8, 1995, the appellant filed his initial rule 3.850 motion which was denied by the trial court.
In the appellant’s latest postconviction motion executed on January 25, 1997, he alleges that the trial court did not conform to Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993), in taking his plea in case number 93-664. The trial court denied the motion as successive and noted that the appellant could have raised that argument in the initial motion. This Court affirmed the trial court’s summary denial but reversed and remanded the case for the trial court to hold an evidentiary hearing or attach portions of the record conclusively demonstrating that the appellant is not entitled to relief. See Parker v. State, 700 So.2d 390 (Fla. 1st DCA 1997). The trial court denied relief a second time, but this Court remanded the case again for the trial court to attach portions of the record conclusively refuting the appellant’s Ashley claim. See Parker v. State, 736 So.2d 136 (Fla. 1st DCA 1999). The case is before this Court again after the trial court denied relief for a third time.
We conclude that the appellant’s claim regarding the trial court’s failure to notify him of the collateral consequences of his plea is not successive. In the current motion, the appellant claimed that he did not raise the Ashley issue because of Horton v. State, 646 So.2d 253, 256 (Fla. 1st DCA 1994)(Horton I), in which this Court determined that the Ashley requirements were merely “aspirational.” We did not reverse that position until our ruling in Horton v. State, 682 So.2d 647, 648 (Fla. 1st DCA 1996)(Horton II). As a result, Horton I remained “good law” in this district until it was receded from by Horton II. See Horton, 682 So.2d at 648. Therefore, the appellant had no basis for asserting an Ashley claim in his initial motion. Because the Ashley requirements are now essential prerequisites to habitual offender sentencing, it would be “manifestly unfair” to deny relief in this case.[1] See Horton, 682 So.2d at 648.
We accordingly reverse and remand the case for an evidentiary hearing on the appellant’s claim that he was not informed of the collateral consequences of his plea. The trial court’s summary denial of relief is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.

. The appellant also asserted that he did not receive written notice of the state's intent to seek habitualization. That claim was correctly denied as successive because section 775.084(3)(b) of the Florida Statutes (1993), imposed the notice requirement on the state, and the appellant could have asserted that argument in the initial motion.